■ ANNA MOSHER et al., Respondents, v. ALBERT D. MITCHELL, Appellant.— In a negligence action to recover damages for personal injury and loss of services, in which the defendant interposed, as a defense, that plaintiffs' claims had been duly released in writing, the defendant appeals from an order of the Supreme Court, Dutchess County, entered April 3, 1962, which denied his motion for a separate and prior trial on the issue of general release raised by his defense. Order affirmed, with $10 costs and disbursements (*Fonville* v. *Irving Poultry Co.,* 243 App. Div. 528; *Romania* v. *Lamport & Holt,* 207 App. Div. 861). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH ANDERSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated June 12, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered June 12, 1946 on his plea of guilty, convicting him of murder in the second degree, and imposing sentence upon him as a second felony offender. Order reversed on the law and the facts, and proceeding remitted to the Criminal Term, Supreme Court, Kings County, for the purpose of: (a) holding a hearing limited to the question of whether the defendant's failure to serve and file a timely notice of appeal was attributable to any breach of promise on the part of his court-assigned trial counsel; and (b) making a determination *de novo* on the basis of the proof adduced upon such hearing. In view of defendant's present allegations, a hearing is required to determine whether he is entitled to relief by reason of any such promise and the breach thereof (*People* v. *Barsey,* 21 A D 2d 828; *People* v. *Coe,* 16 A D 2d 876; cf. *People* v. *Adams,* 12 N Y 2d 417). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FERMIN GAUL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 19, 1963 after a nonjury trial, convicting him of grand larceny in the first degree, and imposing sentence. Judgment affirmed. Under the circumstances here, the owner was competent to testify as to the value of the automobile, and his testimony as to such value was sufficient. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALKER STIGLER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated May 6, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered April 29, 1959 after a jury trial, convicting him of murder in the first degree and, upon the jury's recommendation, sentencing him to life imprisonment. The judgment of conviction was previously affirmed by this court (11 A D 2d 800, affd. 9 N Y 2d 717). Order affirmed. No opinion. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.