Memorandum. The order of County Court should be affirmed.
We reject defendants’ contentions that they were denied due process and equal protection of the law because, pursuant to the explicit provisions of CPL 710.40 (subd 3), at the request of the People the trial court determined defendants’ pretrial motion to suppress during the course of their trial. This court has taken note both of the advantages and the hazards of such telescoping of pretrial hearings into the main trial (People v Ganci, 27 NY2d 418, and concurring opn, Breitel, J., at p 430). The particular provision with respect to proceedings in a local criminal court found in subdivision 3 is "based upon the practical consideration that pre-trial determinations may prove too cumbersome in some of the lower courts”. (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.40, p 288.)
It does not appear from the record in this case that these defendants suffered any actual prejudice in consequence of the application of the statutory direction. Indeed defendants’ only assertions are that the jury was kept waiting, that their opportunities for plea-bargaining were restricted, and generally, that the mid-trial disposition could have led to prejudice. Absent a demonstration of substantial actual prejudice in the particular circumstances of the individual case, we conclude that the mid-trial determination of a motion to suppress under CPL 710.40 (subd 3) involves no constitutional infirmity. Defendants’ related claim that the statutory direction constitutes an impermissible interference with the inherent power of the courts to control the conduct of litigation is wholly *958 without merit. Beyond all this the claims, if any, of defendants in these regards were waived by their subsequent pleas of guilty.
As to the denial of the motion to suppress itself, there was no error. This record discloses a stop for a conceded traffic infraction, in the course of which the stopping officer smelled marijuana smoke and then observed the hand-rolled ends of cigarettes protruding from a commercial cigarette pack in plain view.
Appellants’ final contention that their sentences were excessive is not within the scope of oür review.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.