■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. SUPINO, Also Known as MARK JESSUP, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered May 13, 1977, convicting him of grand larceny in the third degree, upon a jury

verdict, and imposing sentence. Judgment affirmed. The defendant argues that the People failed to prove that the stolen vehicle, a 1966 Chevelle Super Sport, had a market value of more than $250 at the time of the theft. The complainant testified that he had bought the car for about $900 no more that eight months before it was stolen. While it was a relatively old car, it had been driven only 53,000 miles. The complainant, who had been modifying old cars as a hobby for eight years, virtually rebuilt the vehicle by installing equipment ranging in character from a manifold and transmission to carpeting and a stero. Most of the parts were new and, collectively, cost more than $1,200 when they were bought. The complainant also testified that except for a hairline crack in the frame, which had been professionally repaired and which did not impair the car's functioning, it was in excellent condition when it was stolen. Cost is some proof of the value and, in this case, it is enough. (Cf. *People v Carter,* 19 NY2d 967.) The evidence shows that both the car and its parts were purchased within a few months of the theft and that the cost of the property stolen was several times the $250 required for a conviction of grand larceny in the third degree (Penal Law, § 155.30, subd 1). There was uncontradicted testimony that both the engine and the body of the car were in excellent condition when the car was stolen. The complainant had turned the car into a customized racing vehicle and, since it was no longer a standard stock model and was never recovered, it would have been difficult, if not impossible, to introduce competent expert testimony to prove its value. Under these circumstances, the People provided sufficient evidence from which the jury could infer that the market value of the car at the time of the theft was in excess of $250. We have considered the defendant's other arguments and find them to be without merit. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.