■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CLARK, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered September 24, 1981, upon a verdict convicting defendant of the crime of grand larceny in the third degree. Defendant was indicted in a one-count indictment charging him with the crime of grand larceny in the second degree for the alleged theft of a 1979 Ford pickup truck on June 3, 1981, in the City of Albany. In its charge to the jury, the court, over objection of defendant, charged as a lesser included offense the crime of grand larceny in the third degree. It also included, at defendant's request, the charge of petit larceny as a lesser included offense. On this appeal, the only issue raised by defendant is that there was insufficient proof of value to sustain the conviction of grand larceny in the third degree. We agree. The only proof of value came from the testimony of the owner of the vehicle who stated he purchased the vehicle in November, 1979, for $3,900. When asked what its value was on June 3, 1981, he testified, "The same, I guess. I imagine $3900". While, under certain circumstances, an owner of property may testify as to its value (Fisch, New York Evidence, § 372), we find the proof offered herein totally inadequate, particularly in view of the clear statutory mandate that in a prosecution for larceny, it is the market value of the property at the time and place of the crime that must be established, or the cost of replacement within a reasonable time thereafter (Penal Law, § 155.20; *People v Harold*, 22 NY2d 443). However, since the record clearly demonstrates proof beyond a reasonable doubt of the commission of larceny by defendant, even in the absence of proof of value of the property stolen, the evidence supports a conviction of the lesser included offense of petit larceny (CPL 470.15, subd 2, par [a]). Accordingly, the judgment should be modified to one of the lesser included offense of petit larceny which was legally established (CPL 470.20, subd 4; *People v Dlugash*, 41 NY2d 725). Judgment modified, on the law, by reducing the conviction to one of petit larceny, and, as so modified, affirmed, and matter remitted to the County Court of Albany County for resentencing. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.