OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*846 In granting the defendant’s motion to suppress,* the County Court expressly found not only that the defendant’s consent to the initial entry did not extend to the ones the police effected on the following morning and thereafter, but that there was no basis in the evidence for the application of the emergency doctrine to justify re-entry. These findings have support in the record and, having been affirmed by the Appellate Division, are not subject to further review of this court (People v Fernandez, 58 NY2d 791; People v Harrison, 57 NY2d 470). Moreover, absent a warrant, the re-entry was not sanctioned, without more, by the mere fact that a homicide was being investigated (see Mincey v Arizona, 437 US 385; People v Knapp, 52 NY2d 689, 694). The motion to suppress, therefore, was properly granted. For this reason, we have no occasion to pass upon the alternative theory on which the County Court also premised its determination, i.e., the legal conclusion that, once the defendant to the knowledge of the police had retained counsel, she no longer could “waive further her rights without the presence of counsel to permit the continuing search”.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed in a memorandum.

 The motion was made following our reversal of the conviction based upon evidentiary errors committed at trial (50 NY2d 908, mot for rearg den 50 NY2d 1060). There was no abuse of discretion in entertaining the motion to suppress for the first time upon remand (cf. People v Fuentes, 53 NY2d 892).