■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ASEP, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Barlow, J.), rendered February 26, 1980, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Not having raised the issues by motion to vacate or otherwise at nisi prius, defendant's argument that he should be relieved of his guilty plea has not been preserved for appellate review (*People v Pellegrino,* 60 NY2d 636; *People v Earle,* 97 AD2d 798). In any event, the plea was properly accepted (see *People v McGowen,* 42 NY2d 905) and we see no merit to defendant's ineffective assistance of counsel claim. There appear to be no valid bases for the suppression motions that defendant maintains counsel should have made (*People v De Mauro,* 48 NY2d 892; *Li Puma v Corrections Comm.,* 560 F2d 84, cert den 434 US 861; *People v Shannon,* 92 AD2d 554). Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT EARLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered May 4, 1982, convicting him of attempted burglary in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. (See *People v Pellegrino,* 60 NY2d 636, and cases cited therein.) Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ELEBY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered October 15, 1979, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion which sought suppression of physical evidence. Judgment affirmed. On this appeal defendant contends that (1) the search of his brother's apartment, after he and a codefendant were taken into custody, was invalid due to the absence of a warrant and (2) the fruits of that search must be suppressed. We disagree. At the suppression hearing defendant failed to demonstrate a legitimate expectation of privacy in his brother's apartment. Thus, he lacks standing to challenge the warrantless search of that apartment. (See *United States v Salvucci,* 448 US 83; *People v Ponder,* 54 NY2d 160; *People v Henley,* 53 NY2d 403.) In light of our determination on the issue of standing, we need not address the issue of whether exigent circumstances existed to justify the warrantless search. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.