OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant has been convicted after a jury trial of criminal possession of a dangerous weapon in the third degree (a loaded pistol) and in the fourth degree (a sawed-off shotgun). He appeals from an order affirming the judgment of conviction bringing up for review an order denying suppression of those weapons contending that they were obtained from a secured locker in Pennsylvania Station in Manhattan in violation of his rights because they were seized pursuant to a search warrant based upon statements he made after he was illegally arrested.
Defendant was arrested about 1:00 a.m. on June 16, 1981 when Amtrak Police Officer Richard Rogers observed him in a corridor in Penn Station standing before locker Y861. When Rogers saw him defendant was leaning on the locker with his left hand and twisting the lock with his right hand, apparently in an effort to force the door open. An open canvas bag was next to his feet. The area was deserted except for a woman standing near defendant and who was looking down the corridor, away from Rogers. When Rogers was about five feet from defendant, defendant looked up and saw him. Rogers told defendant to stand against the wall but defendant started to walk away, putting his hand in his waistband as he did so. Rogers grabbed him and placed film against the wall while defendant continued *627 to keep his hand in his waistband. After frisking him, Rogers pried open his hand and found a key to the locker. As this was transpiring Rogers observed a crowbar, screwdrivers and a flashlight in the open bag. He then arrested defendant for criminal trespass and possession of burglar’s tools.
At the time of this incident, Rogers knew defendant had previously been arrested for attempting to break into a railroad station locker (although Rogers did not make the arrest), knew that he had been directed by a Judge to stay out of Penn Station and believed, because of an informer’s statement, that defendant carried a sawed-off shotgun. Rogers testified that when he grabbed defendant and frisked him, he feared for his safety.
On these facts the suppression court concluded that the arresting officer possessed reasonable suspicion to stop defendant and frisk him. It made no finding on the arrest but held that defendant’s subsequent inculpatory statements were voluntary and were made after he received Miranda warnings. A divided Appellate Division affirmed.
Reasonable suspicion is a mixed question of law and fact and since there is evidence in the record to support the findings of the court below that Rogers possessed grounds for his stop and frisk, the matter is beyond the review powers of this court (People v Harrison, 57 NY2d 470, 477; People v McCray, 51 NY2d 594, 601; People v Wharton, 46 NY2d 924). As there are undisturbed findings of attenuation, which are supported by evidence, this also is not available for this court’s review. Consequently, the motion to suppress was properly denied.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.