■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNWOOD WILKERSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (De Lury, J.),

rendered January 8, 1982, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On appeal, defendant contends that a gun introduced into evidence should have been suppressed. Defendant offered no evidence at the suppression hearing to establish his privacy interest in the searched premises, which were leased to another. Accordingly, at the hearing, he failed to establish standing to challenge the warrantless search, and offers no valid reason on appeal for his failure to do so (*see, People v Ponder,* 54 NY2d 160, 166; *United States v Salvucci,* 448 US 83; *People v Eleby,* 97 AD2d 798; *Simmons v United States,* 390 US 377). Defendant argues that trial testimony established his standing. However, "[e]vidence subsequently admitted on trial generally cannot be used to undermine the determination of a suppression court rendered after a pretrial hearing * * * This is especially true where there has been no adequate showing to justify the defendant's failure to produce such evidence at the hearing * * * We note additionally that counsel made no specific request to reopen the suppression hearing" (*People v Smith,* 89 AD2d 881, 882). Finally, we note that were we to address the issue of the warrantless search and seizure, on the facts presented we would find that the circumstances satisfied the exigency and consent exceptions to the warrant requirement (*see, People v Adams,* 53 NY2d 1, 10-11, *cert denied* 454 US 854).

We have considered defendant's remaining contentions and find them to be without merit or unpreserved for our review. Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.