■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN JACKSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered April 29, 1982, convicting him of grand larceny in the second degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing the conviction of grand larceny in the second degree to grand larceny in the third degree and vacating the sentence imposed on said grand larceny conviction. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Kings County, for resentencing.

Based upon a review of the record, we conclude that the prosecution failed to present at trial sufficient evidence as a matter of law regarding the value at the time and place of the crime of complainant's automobile and other alleged stolen property. The only trial testimony on this issue was that of complainant who stated that he purchased the vehicle for $2,100 approximately 1½ years before the incident, and that the car was in good working order and in fair condition with no dents. No evidence was introduced as to the value of the other stolen property. Under these circumstances, the People did not provide sufficient evidence from which the jury could infer that the market value of all the stolen property exceeded $1,500. Therefore, the conviction of grand larceny in the second degree cannot stand (*see,* Penal Law § 155.35; *People v James,* 111 AD2d 254; *People v Clark,* 91 AD2d 1102; *cf. People v Supino,* 64 AD2d 720,

721). However, the evidence adduced at trial is sufficient to establish that the value of the stolen property exceeded $250, and thus supports a conviction of grand larceny in the third degree (*see,* Penal Law § 155.30). Accordingly, we reduce defendant's conviction of grand larceny from the second degree to the third degree and remit for resentencing on said conviction (*see, People v Whittemore,* 65 AD2d 631).

As to defendant's remaining contention, he failed to object prior to the discharge of the jury to the allegedly repugnant and inconsistent verdicts. At the time he made a motion to set aside the verdict, it was too late to remedy the alleged defect by resubmission to the jury for reconsideration of its verdict (*see, People v Satloff,* 56 NY2d 745; *People v Figueroa,* 96 AD2d 515). In any event, in view of our modification of the verdict, this contention is moot. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.