■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY JAMES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered April 14, 1982, convicting him of robbery in the first degree, criminal possession of stolen property in the first degree, criminal use of a firearm in the first degree, and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence.

Judgment reversed, on the law, that branch of defendant's motion which sought suppression of complainant's showup identification granted, count four of the indictment charging defendant with criminal possession of stolen property in the first degree dismissed without prejudice to resubmit any appropriate charge to another Grand Jury (*see, People v Mayo,* 48 NY2d 245), matter remitted to Criminal Term for a new hearing on the defendant's motion to suppress the identification testimony, and new trial ordered.

Based upon a review of the record of the suppression hearing, we conclude that the prosecution failed to meet its burden of coming forward with sufficient evidence to establish that the pretrial identification procedures utilized by the police were not violative of the defendant's constitutional rights (*People v Malinsky,* 15 NY2d 86, 91; *People v Whitehurst,* 25 NY2d 389, 391; *People v Berrios,* 28 NY2d 361, 367). On this point, it is significant that the prosecution failed to present any evidence as to the circumstances surrounding the complainant's initial encounter with and identification of the defendant in the back room of the precinct. Moreover, there is no basis in the record upon which to

conclude that the precinct showup was either inadvertent or accidental (*see, Mock v Rose,* 472 F2d 619; *People v Gonzalez,* 61 AD2d 666, *affd* 46 NY2d 1011; *People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020). Thus, there must be a new trial because the out-of-court identification testimony should have been suppressed. A further hearing must also be held, unless waived by the defendant, with respect to the admissibility of the complainant's in-court identification of the defendant. Since the complainant did not testify at the suppression hearing, the trial court was unable to make a finding as to whether an independent basis existed for the complainant's in-court identification. Moreover, this court may not make a finding of independent source based upon the testimony adduced at trial (*People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010; *People v Dodt,* 61 NY2d 408, 417). Accordingly, a new suppression hearing should be held on this issue prior to trial (*see, People v Dodt, supra,* at pp 417-418).

We also conclude that there was insufficient proof that the value of the complainant's automobile at the time and place of the crime exceeded $1,500, the statutory minimum necessary to sustain a conviction for criminal possession of stolen property in the first degree (Penal Law § 165.50). Although defendant, in moving for a trial order of dismissal, did not specifically claim that the prosecution's proof of the vehicle's value was deficient (*see, People v Stahl,* 53 NY2d 1048; *People v Cona,* 49 NY2d 26, 33, n 2), we are of the opinion that review of this issue is warranted, as a matter of law, because of a failure of proof as to an element of the crime (CPL 470.15 [4] [b]).

The prosecution must establish the market value of the stolen property at the time and place of the crime or the cost of replacement within a reasonable time thereafter (Penal Law § 155.20). The only trial testimony on value was that of the complainant, who stated that he purchased the subject 1975 Chevrolet Impala for $2,600, approximately one year before the robbery and that he used this car as a "gypsy cab". The price paid for the vehicle is some proof of value and, under certain circumstances, it may suffice to establish value (*see, People v Carter,* 19 NY2d 967; *People v Supino,* 64 AD2d 720; *cf. People v Kirnon,* 39 AD2d 666, 667, *affd* 31 NY2d 877). For example, where the cost of the automobile is substantially above the monetary value prescribed by the applicable penal statute and other facts adduced at trial, such as the description of the condition of the property at the time of the theft and the period of time which elapsed between the date of purchase and the date of the theft, negate the possibility that the vehicle's market

value has significantly depreciated, there exists sufficient evidence from which the jury could infer, beyond a reasonable doubt, that the market value of the car at the time and place of the theft was in excess of the statutory minimum necessary to sustain a conviction (*see, People v Supino, supra*). However, the evidence elicited at this trial is inadequate to establish such an inference (*see, People v Clark*, 91 AD2d 1102). Since the evidence was insufficient to support a conviction for criminal possession of stolen property in the first degree, the defendant, under double jeopardy principles, may not be retried for this offense.

Cognizant that the People, of late, have been remiss in their duty to prove value within the meaning of Penal Law § 155.20 (1), we admonish District Attorneys to proffer proof, at trial, of the market value of the stolen merchandise *at the time and place of the crime,* or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.

We have reviewed the defendant's other contentions and find them to be without merit. Mangano, Brown and Rubin, JJ., concur.

Titone, J. P., concurs in the reversal of the judgment, granting that branch of defendant's motion which sought suppression of complainant's showup identification, and ordering a new hearing and trial, but dissents from the dismissal of count four of the indictment charging defendant with criminal possession of stolen property in the first degree, with the following memorandum: The doctrine of stare decisis compels me, as a justice of an intermediate appellate court, to follow precedents established by the Court of Appeals, our court of last resort (*see, Hutto v Davis,* 454 US 370, 375; *Rivera v Berkeley Super Wash,* 44 AD2d 316, 322, *affd* 37 NY2d 395; *cf. Mountain View Coach Lines v Storms,* 102 AD2d 663, 664-665). It does not, however, deprive me of my 1st Amendment right to register protest and set forth the basis of my disagreement in the hope of persuading "Higher Authority" — be it the Court of Appeals, the Legislature or the United States Supreme Court — why that precedent should be overturned (Witkin, Manual on Appellate Court Opinions §§ 88, 91; *cf. People v Belge,* 41 NY2d 60, 62; *People v Mackell,* 40 NY2d 59, 64-65 [Breitel, Ch. J., concurring]).[1] This is such a case.

---

1. Witkin states that intermediate appellate courts " 'though bound * * * are not gagged' " in such circumstances (Witkin, Manual on Appellate Court Opinions § 91, at 168-169). Presiding Justice Gardner has put it more graphically: "I fully recognize that under the doctrine of stare decisis, I must follow the rulings of the Supreme Court, and if that court wishes to jump off a figurative Pali, I, lemming-like, must leap right after it. However, I reserve my First Amendment right to kick and scream on my way down to the rocks below" (*People v Musante,* 102 Cal App 3d 156, 159, 162 Cal Rptr 158, 160 [Gardner, P. J., Cal Ct of Appeal, 4th Dist, concurring]).

As the majority notes, the identification procedures employed in this case were improper and violative of defendant's constitutional rights. Nonetheless, if there was an independent source for the identifications, the in-court identification would not be tainted and the invalidity of the identification procedures would not dictate a reversal (*see, United States v Wade,* 388 US 218, 240; *People v Ramos,* 42 NY2d 834; *People v Ballott,* 20 NY2d 600, 606; *People v Mayers,* 100 AD2d 558; *cf. Nix v Williams,* 467 US __, 104 S Ct 2501).

Unfortunately, no finding of an independent source was made by Criminal Term, presumably because the victim did not testify at the pretrial suppression hearing. Ordinarily, we could make appropriate factual findings on appeal (*e.g., People v Acosta,* 74 AD2d 640; *People v Cruz,* 65 AD2d 558; *People v Thomas,* 58 AD2d 899). The difficulty here is that *People v Dodt* (61 NY2d 408, 417) and *People v Gonzalez* (55 NY2d 720) compel us to be blind to the victim's trial testimony. We cannot sustain a suppression ruling on that basis.

In my view, *Dodt (supra)* and *Gonzalez (supra)* are wrong. Since *Carroll v United States* (267 US 132, 162) was decided in 1925, it has been, in former Chief Judge Friendly's words, "settled law" in the Federal courts that a suppression ruling "can be supported by evidence which was adduced at trial even though this was not presented at the pretrial suppression hearing" (*United States v Canieso,* 470 F2d 1224, 1226; *see also, United States v Vargas,* 633 F2d 891, 895, n 6; *United States v Bolin,* 514 F2d 554, 557; 3 LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.7 [c]).[2] Most State courts of last resort follow this rule as well (*People v Braden,* 34 Ill 2d 516, 216 NE2d 808; *State v Beals,* 410 So 2d 745 [La]; *State v Parkinson,* 389 A2d 1, 10-11 [Me]; *Commonwealth v Young,* 349 Mass 175, 206 NE2d 694; *State v Morales,* 324 NW2d 374, 376 [Minn]).[3] Indeed, prior to *People v Gonzalez (supra),* the Court of Appeals itself had done so (*see, e.g., People v Anderson,* 42 NY2d 35, 37 ["neither the record of the trial nor that of an earlier suppression hearing tender any proof of probable cause for arrest"]). *Gonzalez,* a brief memorandum decision citing no authority, marked

---

**2.** To prevent sandbagging, a defendant generally cannot undermine the pretrial suppression ruling with trial testimony (*see, United States v Vargas,* 633 F2d 891, 895, n 6; *People v Smith,* 89 AD2d 881, 882), but that is another matter.

**3.** At one time, Michigan held that a suppression ruling could not be amplified by testimony received at trial (*People v Kaigler,* 368 Mich 281, 118 NW2d 406). That opinion discussed only Michigan, not Federal, authority and it is unclear whether Michigan still adheres to that position (*People v Talley,* 410 Mich 378, 390, n 3, 301 NW2d 809, 814).

an abrupt departure from that practice. *People v Dodt* (*supra*) simply cited *Gonzalez.*

I can perceive little distinction between the utilization of trial testimony to uphold a suppression determination and the rule that a defendant who does not rest at the close of the People's case runs the risk of inadvertently filling a gap in the proof against him (*People v Kirkpatrick,* 32 NY2d 17, 21, *appeal dismissed* 414 US 948). Moreover, it is plain that the entire *Dodt/Gonzalez* "rule" could be circumvented by the simple expedient of making a motion at trial to "reopen" the suppression hearing to the extent of supplementing it with the trial testimony (3 LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.7 [c]; *see, United States v Jones,* 438 F2d 461; *Rouse v United States,* 359 F2d 1014; *cf. People v Cohen,* 58 NY2d 844, 846; *People v Wilkerson,* 108 AD2d 831; *People v Fuentes,* 53 NY2d 892; *People v Lawrence,* 39 NY2d 956; *People v Stroud,* 63 AD2d 721), sort of a criminal analogue to the civil procedure of conforming the pleadings to the proof (CPLR 3025 [c]; *Harbor Assoc. v Asheroff,* 35 AD2d 667; Siegel, NY Prac § 404). Little is achieved by requiring resort to such an artifice. Substance ought to prevail over form.

Nor is utilization of the Federal procedure in any sense interdicted by statute, as we seemingly held in *People v Brockett* (64 AD2d 612). The requirement that a motion to suppress be made prior to trial (CPL 255.20, 710.30 [2]; 710.40 [1]) is one of convenience to eliminate collateral inquiries during the trial of the principal issue (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 255.10, p 437; *People v Johnson,* 112 Misc 2d 578, 579); it has no constitutional underpinnings (*Watkins v Sowders,* 449 US 341; *People v Lawrence,* 39 NY2d 956, *supra*). It is well settled that the ruling on such a motion is not final and may be changed or revised at any time prior to final judgment (*People v Cohen,* 58 NY2d 844, 846, *supra; People v Wilkerson, supra; People v Rizzo,* 31 NY2d 998; *People v Stafford,* 79 AD2d 435, 441, *appeal dismissed* 54 NY2d 760). Illinois has a similar statute and its Supreme Court found no impediment to application of the Federal rule (*People v Braden,* 34 Ill 2d 516, 216 NE2d 808, *supra; see also, People v Sanchez,* 107 Ill App 3d 240, 437 NE2d 744; *cf. People v Dennison,* 61 Ill App 3d 473, 378 NE2d 220 [denial of defendant's suppression motion may be affirmed on appeal by relying upon evidence admitted at the preliminary hearing]).

Be that as it may, the *Dodt/Gonzalez* rule creates quite an anomaly. It is axiomatic that State courts cannot suppress evidence on Federal constitutional grounds by reading the Federal Constitution more expansively than the Supreme Court has

(*Oregon v Hass,* 420 US 714, 719; *see, Florida v Meyers,* 466 US 380, 104 S Ct 1852; *Michigan v Long,* 463 US 1032) and absent a "plain statement" that the result was posited on State grounds, it will be presumed that the determination rests on Federal grounds (*Michigan v Long, supra,* at p 1041; *Florida v Meyers, supra*). Consequently, while State law requires us to don a blindfold insofar as trial testimony is concerned, should the People seek review in the United States Supreme Court, a circumstance which is now becoming more common (*see, e.g., Florida v Rodriguez,* 469 US __, 105 S Ct 308; *Florida v Meyers, supra,* especially dissenting opn of Stevens, J.; *New York v Quarles,* 467 US __, 104 S Ct 2626), the Supreme Court will review the entire record (*see, e.g., Florida v Rodriguez, supra; Florida v Meyers, supra*). Thus, unless we expressly uphold suppression on State law grounds only, are we not required to follow the Federal rule? Judge Simons recently observed that there was a need for consistency between the decisions of the Supreme Court of the United States and our State courts on suppression matters absent compelling reasons (*People v Gonzalez,* 62 NY2d 386, 389-390; *see also, People v Ponder,* 54 NY2d 160, 165, noting "a policy of uniformity in both State and Federal courts" on most suppression matters). I think that the dichotomy, even if permissible, is not desirable and should not be continued.

I am not oblivious to the claim that the Federal rule puts an appellate court in the " 'curious position' " of " 'accepting as true certain testimony which conceivably neither the trial judge nor the jury believed or which neither judge nor jury had any reason to assess' " and that a defendant might not challenge certain trial testimony which bolsters the pretrial suppression ruling but is not otherwise damaging on the issue of guilt or innocence (3 LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.7 [c], at 733). Assuming that a State court may reject the Federal rule in directing suppression on Federal constitutional grounds, a point I am not prepared to concede (*see, Florida v Meyers,* 466 US 380, 104 S Ct 1852, *supra; Michigan v Long,* 463 US 1032, *supra*), on analysis it is evident that such criticism is unfounded.

Suppression rulings are made by judges alone and the jury plays no part in assessing credibility on such motions (*see, People v Erwin,* 42 NY2d 1064; *People v Richardson,* 41 NY2d 886; *People v Armstead,* 98 AD2d 726). This court has the power to review the facts on an appeal that brings up the suppression order for review (CPL 470.15 [3] [b]). Such review is always made from a cold record and reversal on a credibility basis is

hardly unknown (*see, People v Auletta,* 88 AD2d 867; *People v Garafolo,* 44 AD2d 86, 88; *cf. People v Armstead, supra*).

More important, in circumstances in which an appellate court tries to ascertain whether an identification has an independent origin, the trial transcript probably furnishes the most satisfactory source of information and it is inconceivable that a defendant can in any respect be prejudiced by doing so. After all, the defendant has every incentive to attack the ability of the witness to make an accurate identification and through a careful course of cross-examination bring the factors undermining the identification to the jury's attention (*cf. Manson v Brathwaite,* 432 US 98; *Neil v Biggers,* 409 US 188; *Simmons v United States,* 390 US 377). In addition, the important question of harmless error can only be gauged against the trial transcript (*cf. Luce v United States,* 469 US __, 105 S Ct 460; *People v Coles,* 62 NY2d 908; *People v Mobley,* 56 NY2d 584; *People v Grant,* 45 NY2d 366; *People v Almestica,* 42 NY2d 222).

In short, the *Dodt/Gonzalez* rule penalizes the victim by requiring his or her presence at a second suppression hearing and a second trial without affording any meaningful protection to the accused, a result the Supreme Court has said should be eschewed (*United States v Hasting,* 461 US 499; *Morris v Slappy,* 461 US 1). Accordingly, I respectfully recommend that *Dodt/Gonzalez* be reconsidered or legislatively abrogated.

I am not unaware of *People v Brockett* (64 AD2d 612, *supra*), a decision of this court in which I concurred, holding that the "evidence adduced at a trial cannot be used to supply a deficiency of, or buttress, the evidence at a suppression hearing" (*see also, People v De Congilio,* 71 AD2d 990). A partial, though not entirely satisfactory, explanation for my retreat is that my vote in *Brockett* was cast "per incuriam", i.e., without awareness of the line of the authority discussed in this opinion (*see,* Karlan, Appellate Courts in the United States and England, at 86). I would prefer to be more forthright and, like Justice Jackson, simply surrender those prior views to a more cogent position (*McGrath v Kristensen,* 340 US 162, 178 [Jackson, J., concurring]; *see also, United States v Scott,* 437 US 82, in which Justice Rehnquist overruled a unanimous opinion he had authored three years earlier; *cf. Garcia v United States,* 469 US __, 105 S Ct 479 [improvident concession made by former Solicitor General, now Circuit Judge, Bork]).

With respect to the question of the market value of the automobile, I must also part company with the majority. At trial, the People sought to establish the market value of the stolen vehicle through the testimony of the owner. The trial

court sustained an objection predicated on a lack of foundation, but permitted the victim to testify that he had paid $2,600 for the car approximately one year earlier. No objection was made to that testimony.

The trial court erred in precluding the owner from giving an opinion as to value (*People v Gaul,* 22 AD2d 805; *Glazer v Quittman,* 84 Misc 2d 561; *Admissibility of Opinion of Nonexpert Owner as to Value of Chattel,* Ann., 37 ALR2d 967, 1007, § 28; *see also, People v Womble,* 111 AD2d 283 [Titone, J. P., dissenting]). Inasmuch as the testimony was excluded on the defendant's objection, he certainly should not have it both ways and benefit by the void that he caused (*People v Ford,* 62 NY2d 275; *People v Waytes,* 107 AD2d 774; *People v Delee,* 106 AD2d 395).

In any event, an owner's testimony as to the price paid for an automobile can be competent and sufficient proof of its value (*People v Carter,* 19 NY2d 967; *People v Supino,* 64 AD2d 720; *cf. People v Kirnon,* 39 AD2d 666, 667, *affd* 31 NY2d 877). To the extent that the Third Department's decision in *People v Clark* (91 AD2d 1102) may be to the contrary, I note that it cites none of this authority and is, therefore, an aberration which should not be followed.

The victim informed the jury of the year, make and model of his stolen car, in addition to the purchase price. He also stated that he had used the car as a "gypsy" cab. Though afforded a full opportunity to impeach such testimony through cross-examination by showing a contrary "blue book" value or the like (*see,* McCormick, Evidence § 199, at 585, n 3 [3d ed]), defendant did not do so. The Trial Judge gave an adequate instruction as to the value element of the crimes charged, to which no exception was taken. And, in seeking a trial order of dismissal, defendant never pinpointed the claim that market value had not been sufficiently established, thus failing to preserve the issue for appellate review (*People v Stahl,* 53 NY2d 1048; *People v Cona,* 49 NY2d 26, 33, n 2).

Interest of justice review is not warranted (and is not invoked by the majority) because there was adequate evidence, based upon the testimony presented, to establish a market value in excess of $1,500, the statutory minimum necessary to sustain a conviction for criminal possession of stolen property in the first degree (Penal Law § 165.50) for possessing the stolen vehicle.

For these reasons, I join the court in directing a new trial, albeit on constraint of *People v Dodt* (61 NY2d 408, *supra*) and *People v Gonzalez* (55 NY2d 720, *supra*), but dissent from so much of the majority's determination as dismisses count four of the indictment which charges criminal possession of stolen property in the first degree.