■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELMER STEIN, JR., Respondent.—Order insofar as appealed from unanimously reversed on the law, motion denied, count one of the indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The People appeal from an order which, on defendant's motion challenging sufficiency of the evidence before the Grand Jury, reduced the top count of the indictment from criminal possession of stolen property in the third degree to criminal possession of stolen property in the fifth degree. The People contend that the evidence before the Grand Jury was legally sufficient to establish that the value of the stolen property exceeded $3000, and that the court therefore erred in reducing that count of the indictment. We agree.

Legally sufficient evidence of value is not supplied by the opinion testimony of a victim who is not qualified to testify as an expert *(People v Share,* 151 AD2d 1016, *lv denied* 74 NY2d 852; *People v Sweeney,* 125 AD2d 978, 979, *lv denied* 69 NY2d 834; *People v Clark,* 91 AD2d 1102). On the other hand, the victim is competent to supply evidence of original cost *(see, People v Carter,* 19 NY2d 967), and such evidence may constitute sufficient circumstantial proof of value at the time of the crime. Proof of original cost may provide sufficient evidence of value where the difference between the cost of the item and the statutory threshold is substantial and where there is little risk that the item has depreciated in value below the statutory threshold *(see, People v Carter, supra,* at 968; *People v Beauchamp,* 148 AD2d 921, 922; *People v Delaney,* 127 AD2d 682, 682-683; *People v Supino,* 64 AD2d 720, 721). Here, the testimony of the victim established that the stolen vehicle was a 1988 Mitsubishi pickup truck, that it cost about $6500, and

that it was in "excellent" condition. In the absence of evidence that the condition of the vehicle had deteriorated, there is a presumption of continuity and we thus conclude that the evidence was sufficient to permit the inference that the vehicle was worth over $3000 in June 1990, the time of the crime. (Appeal from Order of Monroe County Court, Maloy, J.—Reduce Indictment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.