■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICARDO LOPEZ, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Appelman, J.), dated January 9, 1991, as granted that branch of the defendant's omnibus motion which was to dismiss Queens County Indictment No. 4620/90 to the extent of reducing counts one, two, and three thereof.

Ordered that the order is affirmed insofar as appealed from.

The evidence adduced before the Grand Jury was legally insufficient to establish the value of the property that was allegedly stolen and damaged *(see, People v James,* 111 AD2d 254, *affd* 67 NY2d 662; *People v Bernard,* 123 AD2d 324).

Thus, the Supreme Court did not err in reducing the counts for which the defendant was indicted to offenses which do not require that the value of the property involved be established *(see,* Penal Law §§ 155.30, 155.25, 165.45, 165.40, 145.05, 145.00).

The People's contention that CPL 190.30 (3), which provides that in certain enumerated situations a written statement under oath "may be received in [a] grand jury proceeding as evidence of the facts stated therein", requires the conclusion that the contents of such written statement under oath constitutes legally sufficient evidence *per se,* is without merit. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.