■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER DIAZ, Appellant.—Judgment, Supreme Court, Bronx

County (Lawrence Tonetti, J.), rendered November 14, 1988, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him to a term of imprisonment of 1-⅔ to 5 years, unanimously affirmed.

Sufficient evidence that the value of the stolen car exceeded the statutory threshold of $3,000 was presented by the complaint report offered by the defense (see, People v Goldstein, 120 AD2d 471, 472-473, lv denied 68 NY2d 757) listing a value of $15,000 and indicating a wide difference between the cost of the item and the threshold (see, People v Carter, 19 NY2d 967), the fact that the car was a late model, eliminating any risk of rapid depreciation (supra), and the photograph of the car showing it to be in good condition (see, People v Williams, 143 AD2d 566, affd 74 NY2d 675). The jury could thus properly infer that the market value of the car exceeded $3,000 minimum at the time of the theft (see, People v White, 167 AD2d 256, lv denied 77 NY2d 912).

Defendant's contention that the indictment was duplicitous has not been preserved as a matter of law for appellate review, and we therefore decline to reach it in the interest of justice (CPL 470.05 [2]). Were we to review, we would nonetheless affirm, since the count charging the occurrence of the crime "on or about" a certain date is not duplicitous (see, People v Morris, 61 NY2d 290, 294), and the prosecutor's reference to defendant having the keys a few days after the incident was not a reference to a separate crime of possession but of conduct indicative of continued knowing and intentional possession of the car (see, People v Van Luven, 96 AD2d 805, 806 [Alexander, J., concurring], affd 64 NY2d 625). Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.