■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIVE WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 1, 1991, convicting him of criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The indictment at bar charges the defendant in connection with the theft of a 1979 Buick automobile. The defendant was apprehended after leading the police on a high speed chase and crashing the car into a wall.

At the close of the People's case, the defendant moved for a trial order of dismissal with respect to several counts of the indictment, including one of the two counts charging him with criminal possession of stolen property in the fourth degree. On consent of the People, the court dismissed the count requiring proof that the stolen property had a value exceeding $1,000 (Penal Law § 165.45 [1]). However, the defendant did not move to dismiss the count charging criminal possession of stolen property in the fourth degree under Penal Law § 165.45 (5), which requires proof that the value of the stolen vehicle exceeds $100. This count was submitted to the jury with instructions from the court as to each of the material elements of the crime. The defendant did not voice any objection to the court's charge and he was found guilty on this count.

On appeal, the defendant contends for the first time that the People failed to prove that the value of the stolen vehicle exceeded the $100 value specified under Penal Law § 165.45 (5). The People contend that the defendant failed to preserve this issue for appellate review (see, People v Bynum, 70 NY2d 858), and that we should not reach it in the exercise of our interest of justice jurisdiction. We agree with the People.

Contrary to the situation in People v Davis (151 AD2d 596), the issue raised now was never called to the attention of the trial court. In fact, the defendant seemingly conceded that the value of the stolen vehicle, which the testimony established was operable, exceeded the minimal value of $100 required under the statute (cf., People v Carter, 19 NY2d 967; People v Jackson, 111 AD2d 253). Under the circumstances, we decline to reach this issue in the exercise of our interest of justice jurisdiction (see, People v Udzinski, 146 AD2d 245).

We have considered the defendant's remaining contentions

and find them to be without merit. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.