■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOLDER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered April 17, 1991, convicting him of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to establish his guilt of criminal possession of stolen property in the fourth degree beyond a reasonable doubt because there was insufficient proof that the value of the stolen vehicle he possessed exceeded $100. We disagree. The evidence presented at trial established that the complainant purchased the vehicle approximately one month before its theft for $350, and expended an additional $650 for repairs and improvements. Although the automobile's rear fender was scratched when the complainant purchased it, the vehicle was operable on the date of the theft. When the defendant was apprehended in possession of the vehicle approximately four days later, the arresting officer observed some damage to the ignition, but the only mechanical difficulty noted when the vehicle was recovered was a problem with its fan belt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we are satisfied that there was legally sufficient evidence that the value of the vehicle exceeded $100 when it was found in the defendant's possession shortly after the theft

*(see, People v James,* 111 AD2d 254, *affd* 67 NY2d 662; *People v James,* 186 AD2d 679; *People v Mouton,* 173 AD2d 569; *People v Arguirre,* 159 AD2d 510). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's further contention that the jury's verdict was repugnant is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Stahl,* 53 NY2d 1048, 1050). In any event, the verdict was not repugnant because the defendant was acquitted of unauthorized use of a motor vehicle in the third degree, as that crime, as defined by the trial court in its charge to the jury, did not necessarily negate an essential element of criminal possession of stolen property in the fourth degree *(see, People v Hampton,* 61 NY2d 963, 964). Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.