■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LOPEZ, Appellant. [596 NYS2d 680] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered January 13, 1988, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and sentencing him, as a second felony offender, to concurrent, indeterminate terms of from 6 to 12 years and 3½ to 7 years imprisonment, respectively, unanimously reversed, on the law, the convictions vacated, and the matter remanded for a new trial.

As the People concede, on the authority of People v Taylor (76 NY2d 873), it was error for the trial court, absent the parties' consent, to submit a verdict sheet to the jury, which, in addition to listing the crimes charged and the possible verdicts, also included the term "acting in concert with another" in each of the crimes charged.

Although defendant failed to preserve the issue for appellate review by failing to raise it before or during trial (see, People v Diaz, 184 AD2d 327, lv denied 80 NY2d 928; People v Griffin, 114 AD2d 756), since the matter is being remanded for

a new trial, the trial court should address the third count of the indictment charging criminal possession of a weapon in the second degree (acting in concert to possess a loaded pistol with intent to use it unlawfully against another), inasmuch as such count, when considered in the context of the other charges in the indictment, of which defendant was acquitted, as well as the trial evidence, is arguably duplicitous (see, People v Rosado, 64 AD2d 172, 177; People v Jones, 165 AD2d 103, 108, lv denied 77 NY2d 962; People v James, 98 AD2d 863, 864-865).

We have considered defendant's other point regarding Officer McCarron's trial testimony about defendant's pretrial statement and find it unpersuasive. In addition, in light of our disposition, it is unnecessary to address the point seeking a reconstruction hearing. Concur—Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.