■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARIALDI JAQUEZ, Respondent. [596 NYS2d 409] —Order, Supreme Court, New York County (Rose L. Rubin, J.), entered September 10, 1992, granting defendant's motion to dismiss Indictment No. 5609/92, which charged defendant with criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree, with leave to re-present, unanimously reversed, on the law, the indictment reinstated and the motion denied.

The complainant's written statement, which was read in its entirety to the grand jury and which provided detailed information relevant to the value of the stolen automobile, pro-

vided a sufficient basis from which the jury could "reasonably infer, rather than merely speculate" *(People v Lopez,* 79 NY2d 402, 405) as to its value. Moreover, while the complainant's statement was not made under oath, the Court of Appeals has held that a statement that is subscribed beneath a warning such as the one found on the within document, i.e., "False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law," is "practically as well as theoretically, no different than a statement under oath" *(People v Sullivan,* 56 NY2d 378, 384). Under these circumstances, we find that the evidence before the grand jury was sufficient to sustain the charges, and the indictment should be reinstated. Concur—Ellerin, J. P., Wallach, Kupferman and Asch, JJ.