■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOLIUS JACKSON, Respondent. [599 NYS2d 114] —Appeal by the People from so much of an order of the Supreme Court, Queens County (Rosenzweig, J.), dated September 21, 1992, as granted those branches of the defendant's omnibus motion which were to dismiss counts one, two, and five of Queens County Indictment No. 3191/92.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof which granted those branches of the defendant's omnibus motion which were to dismiss counts one and two of the indictment, and substituting therefor a provision denying those branches of the defendant's motion, and (2) granting that branch of the motion which was to dismiss count five to the extent of reducing count five to criminal mischief in the fourth degree and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from.

On appeal, the People contend that the evidence presented to the Grand Jury was legally sufficient to establish that the value of the stolen automobile exceeded $3,000, and that the Supreme Court therefore erred in dismissing those counts charging grand larceny in the third degree, and criminal possession of property in the third degree. We agree. A complainant who is not qualified to testify as an expert is nevertheless competent to supply evidence of original cost *(see, People v Stein,* 172 AD2d 1060). Moreover, the price paid for the vehicle is some proof of value, and may suffice to establish value where the difference between the cost of the automobile and the statutory threshold is substantial, and where other facts "such as the description of the condition of the property at the time of the theft and the period of time which elapsed between the date of purchase and the date of the theft, negate the possibility that the vehicle's market value has significantly depreciated" *(People v James,* 111 AD2d 254, 255-256, *affd* 67 NY2d 662; *see, People v White,* 167 AD2d 256). Here, the complainant averred, *inter alia,* that the stolen vehicle was a 1989 Oldsmobile Cutlass which he purchased on August 2, 1989, for the sum of $19,722.92, that the vehicle had 25,000 miles accumulated on its odometer and was in good condition

when stolen in July 1992, and that the vehicle was worth in excess of $3,000 at the time of its theft. Contrary to the defendant's contention, this information provided a sufficient basis from which the Grand Jury could "reasonably infer, rather than merely speculate" that the value of the stolen automobile exceeded the statutory threshold *(cf., People v Lopez,* 79 NY2d 402, 405; *see, People v Jaquez,* 192 AD2d 460; *see also, People v Holder,* 189 AD2d 783; *People v Diaz,* 184 AD2d 327; *People v Klem,* 175 AD2d 598; *People v Stein, supra).*

However, since there was insufficient evidence of the basis for the complainant's valuation of the damage inflicted to his automobile, the fifth count of the indictment charging criminal mischief in the second degree should be reduced to criminal mischief in the fourth degree, which requires no proof of value *(see,* Penal Law §§ 145.10, 145.00; *see also, People v Lopez, supra).* Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.