■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT MILLER, Appellant. [659 NYS2d 512] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered December 12, 1995, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the trial court's rejection as pretextual of the

prosecutor's explanation for the striking of a black prospective female juror, i.e., that she did not voice a "strong guilty" when he asked her how she would vote if the People proved the defendant's guilt beyond a reasonable doubt, that she did not make eye contact with him, and that he did not have a good rapport with her. These reasons were purely intuitive and based on the impressions of counsel rather than upon any facts adduced during voir dire *(see, People v Covington,* 238 AD2d 604; *People v Garrastazu,* 238 AD2d 354; *People v Peart,* 197 AD2d 599). The court, however, erred procedurally by permitting the juror to be dismissed *(see, People v Irizarry,* 165 AD2d 715). Accordingly, reversal is required and a new trial is ordered.

There is no merit to the defendant's claim that the trial court should have submitted the offenses of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree to the jury in the alternative because they are inconsistent counts under CPL 300.30 (5). A guilty verdict on unauthorized use of a vehicle in the third degree does not necessarily negate a verdict of guilty on criminal possession of stolen property in the third degree, which requires the additional element of larcenous intent *(see, People v Kirnon,* 39 AD2d 666, *affd* 31 NY2d 877; *People v Holder,* 189 AD2d 783; *People v Butler,* 119 Misc 2d 1071).

In light of our determination, we do not address the defendant's remaining contention. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.