People v Rivera (2020 NY Slip Op 01192)





People v Rivera


2020 NY Slip Op 01192


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-04692
 (Ind. No. 14-01132)

[*1]The People of the State of New York, respondent,
v
Carmelo Rivera, appellant.


Jerry F. Kebrdle II, White Plains, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), rendered March 30, 2016, as amended November 23, 2016, convicting him of burglary in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree (two counts), grand larceny in the third degree, criminal possession of stolen property in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment, as amended, is modified, on the facts, by reducing the defendant's conviction of grand larceny in the third degree to grand larceny in the fourth degree, and vacating the sentence imposed thereon; as so modified, the judgment, as amended, is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for resentencing on that reduced conviction.
The defendant was convicted of burglary in the first degree and related offenses in connection with the burglary of an apartment in Bronxville during which two loaded handguns, a jewelry box containing several items of jewelry, and a computer tablet were stolen.
Although the defendant's contentions regarding the legal sufficiency of the evidence are not preserved for appellate review, "we necessarily determine whether each element of the crime was proven beyond a reasonable doubt in assessing the claim that the conviction is against the weight of the evidence" (People v Wright, 139 AD3d 1094, 1096; see People v Danielson, 9 NY3d 342, 348-349; People v Scott, 129 AD3d 1306, 1307; People v Tompkins, 107 AD3d 1037, 1038; People v Loomis, 56 AD3d 1046, 1046-1047). Upon the exercise of our independent factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt on the counts of burglary in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree was not against the weight of the evidence.
However, we find that the verdict of guilt on the count of grand larceny in the third degree was against the weight of the evidence. The People were required to establish that the market [*2]value of the stolen items at the time of the crime exceeded $3,000 (see Penal Law § 155.20[1]). Here, the stolen property consisted of two handguns, several items of jewelry, and a computer tablet. The complainant testified that (1) the purchase price of the .40 caliber Smith & Wesson automatic handgun was $800 and that he purchased it "[a]pproximately four years" before the burglary; (2) the purchase price of the .380 Ruger automatic handgun was $600 and that he purchased it "[t]wo years" before the burglary; and (3) he cleaned both guns regularly, and they were both operable. The People's ballistics expert testified that the retail value of each firearm was "anywhere from $500 to $1,000."
However, the only evidence of the value of the remaining stolen items was the complainant's testimony regarding the purchase price of some of those items, and he did not testify as to when he purchased those items, their market value, or the cost to replace them. Although a "victim is competent to supply evidence of original cost" (People v Stein, 172 AD2d 1060, 1060), "evidence of the original purchase price, without more, will not satisfy the People's burden" (People v Gonzalez, 221 AD2d 203, 204). On this record, we cannot conclude that the fact-finder could "reasonably infer, rather than merely speculate" that the value of all of the stolen goods exceeded the statutory threshold of $3,000 (People v Jackson, 194 AD2d 691, 692 [internal quotation marks omitted]). Accordingly, we find that the evidence was insufficient to establish that the value of the property taken exceeded $3,000 (see People v Slack, 137 AD3d 1568, 1570). The evidence is sufficient, however, to establish that the defendant committed the lesser included offense of grand larceny in the fourth degree (Penal Law § 155.30[1]), which requires proof that the value of the property stolen exceeds $1,000. Therefore, we modify the judgment, as amended, by reducing the conviction of grand larceny in the third degree to grand larceny in the fourth degree and vacating the sentence imposed thereon, and we remit the matter to the Supreme Court, Westchester County, for resentencing on that reduced conviction (see People v Vandenburg, 254 AD2d 532, 534).
The defendant's contention regarding an alleged Rosario violation (see People v Rosario, 9 NY2d 286) is unpreserved for appellate review (see CPL 470.05[2]; People v Feerick, 93 NY2d 433, 452; People v Tieman, 112 AD3d 975, 976; People v Morel, 43 AD3d 963), and we decline to review that contention in the exercise of our interest of justice jurisdiction.
The defendant has not demonstrated that he was deprived of the effective assistance of counsel under either the federal or state constitutional standards (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The contention raised in the defendant's pro se supplemental brief is based on matter dehors the record and therefore may not be considered on direct appeal from the judgment.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court