■ The People of the State of New York, Respondent, v Roslyn Smith and Valerie Gaiter, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Kooper, J.), both rendered August 8, 1980, the first convicting defendant Roslyn Smith of two counts of murder in the second degree (intentional murder), two counts of murder in the second degree (felony murder), and two counts of robbery in the first degree, the second convicting defendant Valerie Gaiter of two counts of murder in the second degree (felony murder) and two counts of robbery in the first degree, upon a jury verdict, and imposing sentences. Judgments modified, on the law, so as to provide that, as to each defendant, the sentences imposed for robbery in the first degree shall be concurrent. As so modified, judgments affirmed. In the early morning hours of August 21, 1979, 80-year-old, bedridden Louis Feit and his 73-year-old wife were robbed and brutally murdered in their Brooklyn apartment. The defendants, who stand convicted of the crimes, were the Feits' 17-year-old neighbor Roslyn Smith and her friend Valerie Gaiter. On this appeal, defendant Smith argues, *inter alia,* that the trial court erred in refusing to suppress her statements because they were obtained after the police had prevented her family from accompanying her to the police precinct. Our review of the record convinces us that no error was committed. At the pretrial suppression hearing, police witnesses testified without contradiction that Ms. Smith's mother and stepfather declined an invitation to accompany their daughter to the police station. The defendant chose not to testify at the hearing and produced no witnesses. Moreover, when defense counsel suggested that proposed witnesses were reluctant to testify at the hearing, the court offered to grant a continuance. The offer was declined. Thus, the undisputed hearing evidence supported the court's conclusion that Smith's statements had been lawfully obtained. As part of the defense case at trial, however, defendant Smith herself testified as did her mother and her mother's friend. Although the defendant could not recall what the police said to her parents, her mother testified that the police told her that she could not come to the precinct with her daughter. The mother's friend, on the other hand, recalled that the police had said only that it was not necessary for them to

come along to the precinct. As a result of this testimony, counsel asked the court to conclude as a matter of law that Smith's statements were involuntary. He requested further that the court issue a trial order of dismissal on the ground that, without the statements, the evidence against Smith was legally insufficient. The court declined to so hold, reasoning that an issue of fact had been presented for the jury. The court then charged the jury on the voluntariness issue, stating in essence that the confession should be disregarded, *inter alia,* if the jury concluded that the police prevented access between the defendant and her family. In our view, the court's ruling on this matter was correct. Evidence subsequently admitted on trial generally cannot be used to undermine the determination of a suppression court rendered after a pretrial hearing (see *People v Gonzalez,* 55 NY2d 720, 721-722). This is especially true where there has been no adequate showing to justify the defendant's failure to produce such evidence at the hearing (see CPL 710.40, subd 4). Here, no such showing was made. And, in any event, the defense evidence on the question was contradictory. We note additionally that counsel made no specific request to reopen the suppression hearing. Accordingly, we hold that the court properly denied the defendant's midtrial motion and correctly submitted the issue to the jury. The court did err, however, in one aspect of sentencing. The court ruled that, as to each defendant, the sentences imposed with respect to the robbery and murder of Mr. Feit were to be consecutive with the sentences imposed with respect to the robbery and murder of his wife. As the People now concede, there is no evidence in the record of two separate and distinct acts of robbery. Accordingly, as to each defendant, the sentences imposed for the robbery counts must be concurrent with each other (see Penal Law, § 70.25). We have considered the defendants' remaining contentions and find them to be without merit. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.