■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DERHI, Appellant.

At sentencing, the People requested that maximum sentences be imposed for the convictions for the intentional murder of Elliot Hyman and the attempted murder of his wife in their apartment in North Shore Towers. The heinous nature of the crimes and the contents of defendant's probation report provided ample grounds for the court to have sentenced the defendant in accordance with the People's request which would have resulted in the imposition of a minimum period of incarceration of 33⅓ years. The sentencing court, however, imposed the sentence of 25 years to life with respect to the intentional murder conviction, and imposed 8⅓ to 25-year sentences on the attempted murder, robbery and criminal use of a firearm convictions. These sentences were to run consecutively, resulting in a total

minimum period of incarceration of 58⅓ years to life. Defendant was sentenced to an unconditional discharge on the remaining conviction for criminal possession of a weapon in the fourth degree. Modification is required since, while consecutive sentences for the intentional murder and attempted murder convictions were legally imposed based upon "disparate or separate acts" (*People v Underwood,* 52 NY2d 882, 883; *People v Brathwaite,* 63 NY2d 839; Penal Law § 70.25 [2]; *cf. People v Smith,* 89 AD2d 881, 882), the sentences for the remaining convictions must all run concurrently because the acts which constituted the basis of the attempted murder and criminal use of a firearm in the first degree convictions were an element of one of the robbery convictions (*see, People v Grant,* 96 AD2d 867).

Defendant also claims error in the trial court's charge and prosecutorial misconduct in summation as grounds for reversal. The trial court's minimal charge on identification was sufficient (*see, People v Whalen,* 59 NY2d 273, 279), particularly where, as here, the defendant was not a stranger to the victims. He had worked in the Hymans' apartment on two occasions during the month prior to the shootings, the latest occasion having been only a week earlier. On the day of the shootings, the defendant gained entry to the apartment by stating that he was there to measure for an estimate requested by Mrs. Hyman one week earlier. She had an ample opportunity to see defendant's face when he faced and shot her from a distance of four or five feet, and then again at closer range. In addition, there was circumstantial evidence which corroborated defendant's guilt. Accordingly, the well-known dangers of misidentification were not present (*see,* Sobel, Eye-Witness Identification, § 1.1; *Jackson v Fogg,* 589 F2d 108, 112).

In view of the overwhelming evidence of guilt, we decline to review in the interest of justice any asserted unpreserved errors in the trial court's charge (CPL 470.05 [2]; 470.15 [6] [a]). We further find that the prosecutor made certain improper comments in summation but those comments were harmless error (*see, People v Crimmins,* 36 NY2d 230).

We have considered defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.