■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL MARRERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered July 15, 1988, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review

the denial (Jackson, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

For the first time on appeal, the defendant complains that a police officer's trial testimony was inconsistent in some respects with the officer's hearing testimony and, because of the resulting prejudice, this court should reverse his conviction. It is well-settled, however, that a defendant must request a reopening of the suppression hearing to preserve such a claim for appellate review (see, CPL 470.05 [2]; People v Kern, 149 AD2d 187, 219, affd 75 NY2d 638, cert denied — US —, 111 S Ct 77; People v Perez, 104 AD2d 454, 455-456; People v Smith, 89 AD2d 881, 882). The defendant neglected to make such a request and, under the circumstances of this case, review is not warranted in the interest of justice.

Additionally, contrary to the defendant's contention that the police officer's testimony was either fabricated or tailored to nullify constitutional objections, we hold that the hearing court properly found the police officer's testimony to be "forthright, candid and credible". Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.