■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAWSON, Appellant. [602 NYS2d 133] —Judgment, Supreme Court, New York County (Herbert Altman, J., at hearing; Budd Goodman, J., at trial and sentence), rendered June 27, 1991, convicting defendant, after a jury trial, of five counts of robbery in the first degree, one count of attempted robbery in the first degree and one count of criminal possession of a weapon in the third degree, and sentencing him to prison term of six to twelve years on two of the robbery convictions, five to ten years on two other robbery convictions, three to six years on the attempted robbery conviction and two to four years on the weapon conviction, to run concurrently with one another and consecutively to a term of five to ten years on the fifth robbery conviction, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to the extent that sentences on all seven counts are to run concurrently, and otherwise affirmed.

Defendant did not meet his burden of showing that the spontaneous identifications by each of the five complaining witnesses were the product of undue police suggestiveness, and thus the hearing court properly refused to compel production of any of the complainants *(see, People v Leach,* 160 AD2d 623, *lv denied* 76 NY2d 941).

As there is no evidence that the victim whose robbery gave rise to the one consecutive sentence imposed was separately threatened, addressed or pushed, it was an abuse of discretion in the present circumstances to have the sentence on this count run consecutively *(see, People v Smith,* 89 AD2d 881, 882).

We have considered the defendant's remaining arguments, and find them to be without merit. Concur—Rosenberger, J. P., Ross, Asch and Rubin, JJ.