■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. TAYLOR, Appellant. [616 NYS2d 116] —Judgment unanimously affirmed. Memorandum: Defendants were convicted of various counts of robbery, burglary, assault, criminal possession of a weapon, and criminal possession of stolen property arising out of an incident in which defendants forced their way into the apartment of their neighbor, beat her with a tire iron, and stole her combination TV/VCR and other property. Defendants were arrested following the stop of the vehicle in which they were riding, within minutes and a few blocks of the crime, at which time police seized the TV/VCR and other stolen items. On appeal, defendants contend that County Court erred in denying their motion, made on the basis of contradictory evidence admitted at trial, to reopen the suppression determination made by this Court on a prior appeal (see, People v Alexander, 189 AD2d 189); that defendants were denied effective assistance of counsel on their prior appeal; that the court erred in admitting into evidence a tire iron found in defendant Alexander's apartment; that the evidence is insufficient to support the convictions; that the verdicts are against the weight of the evidence; and that the sentences are harsh and excessive.

The court properly refused to reopen the suppression determination. Testimony subsequently elicited at trial may not be considered in connection with a challenge to a pretrial suppression determination (see, People v Carmona, 82 NY2d 603, 610, n 2; People v Wilkins, 65 NY2d 172, 180; People v Gonzalez, 55 NY2d 720, 721-722, cert denied 456 US 1010). That rule applies to both the People and the defendant (compare, People v Wilkins, supra; People v Dodt, 61 NY2d 408, 417, with People v Wilkerson, 108 AD2d 831, 832, lv denied 65 NY2d 701; People v Smith, 89 AD2d 881, 882). Further, the rule is applied irrespective of who had the burden of proof on the contested issue at the pretrial hearing (see, People v Carmona, supra, at 610, n 2). Although there is a narrow exception to the general rule against challenging a suppression determination based on evidence adduced at trial (CPL 710.40 [4]), here, there was no showing that the addi-

tional facts relied upon could not have been discovered with reasonable diligence before determination of the motion *(see,* CPL 710.40 [4]; *People v Smith, supra).* As grounds for renewal, defendants relied on Officer Quonce's testimony at trial that he inspected the TV/VCR before the events giving rise to probable cause. That sequence which was contrary to the sequence related in Quonce's suppression hearing testimony was recorded in Quonce's official report, which defense counsel used to impeach Quonce at the suppression hearing, but which was not offered into evidence there. Further, two of the defendants testified at trial that Quonce reached into the car and inspected the TV/VCR before he received the report of the burglary. Thus, the "new" fact relied upon by defendants was known to them from the outset. Therefore, the court properly denied the request of defendants to renew their motion to suppress.

The record is inadequate to review the contention that defendants were deprived of effective assistance of counsel on the prior appeal. Assuming, arguendo, that defendants were entitled to have a brief submitted in response to the People's brief, and that the assignment of trial counsel continued through the People's appeal *(but see,* 22 NYCRR 1022.11 [a]), we nonetheless conclude that the record is inadequate for us to consider defendants' contention because the record reveals nothing about counsels' communication with defendants or efforts on their behalf.

The court did not err in admitting the tire iron into evidence. There is no requirement that the People establish the "chain of custody" of an item before it came under the control of the authorities. In any event, where evidence is nonfungible, unique, and not subject to alteration, "identification of [the item is] sufficient evidence of accuracy and authenticity" *(People v Love,* 187 AD2d 1030, *lv denied* 81 NY2d 888). Uncertainties about the identification of an item of real evidence and whether it is adequately connected to defendant go to the weight, not the admissibility, of the challenged item *(see, People v Martinez,* 191 AD2d 262, *lv denied* 81 NY2d 973).

We conclude that the evidence is sufficient to support the convictions, and that the verdicts are not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We reject defendants' contention that the testimony of certain of the People's witnesses is incredible as a matter of law.

There is no merit to the challenge of each defendant to the severity of his sentence. (Appeal from Judgment of Onondaga

County Court, Cunningham, J.—Robbery, 1st Degree.) Present —Denman, P. J., Green, Balio, Wesley and Davis, JJ.