■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID C. WILLIAMS, Appellant. [865 NYS2d 468]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered October 18, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, sexual abuse in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal sexual act in the first degree

(Penal Law § 130.50 [4]), sexual abuse in the second degree (§ 130.60 [2]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that Supreme Court should have dismissed the counts of the indictment charging him with those crimes because they lacked specificity with respect to the time and date of the incidents underlying those crimes.

We note at the outset that we reject defendant's contention that the court failed to rule on that part of his omnibus motion. Although defendant objected when the court did not explicitly rule on that part of his omnibus motion, the case proceeded to trial on, inter alia, the counts to which defendant objected, and thus it is clear that the court indeed denied that part of defendant's motion (*see People v Jackson*, 291 AD2d 930 [2002], *lv denied* 98 NY2d 677 [2002]; *People v Virgil*, 269 AD2d 850 [2000], *lv denied* 95 NY2d 806 [2000]). We agree with the court that defendant's contention lacks merit. An indictment must provide defendant with "sufficient information regarding the nature of the charge[s] and the conduct which underlies the accusation[s] to allow him or her to prepare or conduct a defense" (*People v Morris*, 61 NY2d 290, 293 [1984]; *see People v Aaron V.*, 48 AD3d 1200, 1201 [2008], *lv denied* 10 NY3d 955 [2008]), and we conclude that the indictment adequately provided defendant with full notice of the charges against him (*see* CPL 200.50 [7] [a]; *Morris*, 61 NY2d at 294-295). The indictment set forth an 18-day period during which the alleged abuse occurred, and that time period was sufficiently specific. We note in particular that the victim was only 11 years old at the time of the alleged abuse and that, despite the People's efforts, the victim was unable to narrow that time period (*see People v Roman*, 43 AD3d 1282, 1283 [2007], *lv denied* 9 NY3d 1009 [2007]; *People v Lanfair*, 18 AD3d 1032, 1033 [2005], *lv denied* 5 NY3d 790 [2005]). Furthermore, "time was not a material element of the crimes charged" (*People v Humphrey*, 30 AD3d 766, 767 [2006], *lv denied* 7 NY3d 813 [2006]).

We reject the further contention of defendant that the court erred in refusing to suppress his written and oral statements to the police. The record of the *Huntley* hearing establishes that defendant's statements were knowing, intelligent and voluntary (*see People v Davis*, 48 AD3d 1120, 1122 [2008], *lv denied* 10 NY3d 957 [2008]). Defendant for the first time at trial testified that he did not recall making the statements because he had a diabetic episode during the interrogation. That testimony was not before the suppression court, and we therefore do not consider it (*see People v Taylor*, 206 AD2d 904 [1994], *lv denied* 84 NY2d 940 [1994]). There is a narrow exception to the gen-

eral rule against challenging a suppression determination based on evidence adduced at trial, but that exception does not apply herein because "there was no showing that the additional facts relied upon could not have been discovered with reasonable diligence before determination of the motion" (*id.* at 904-905).

Defendant contends that he is entitled to be resentenced because the court, in sentencing him, erred in considering the prosecutor's statements concerning his prior uncharged crimes of sexual abuse against children. We reject that contention. The court at sentencing did not refer to the alleged abuse of other victims and, indeed, the record establishes that the court expressly relied upon, inter alia, the lack of remorse of defendant and his failure to accept responsibility for his conduct. Thus, there is no support in the record for the contention of defendant " 'that the court was punishing [him] for crimes other than those for which he was convicted' " (*People v Leeson*, 299 AD2d 919, 920 [2002], *lv denied* 99 NY2d 560 [2002]). The sentence is not unduly harsh or severe.

Defendant further contends that he was denied effective assistance of counsel because defense counsel did not explore the possibility of his alleged diabetic episode during the interrogation by the police. We reject that contention inasmuch as defendant failed to demonstrate that defense counsel lacked a strategic or legitimate explanation for his failure to pursue that line of defense (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Finally, the fact that a different attorney represented defendant at sentencing, along with the fact that the attorney had not met with defendant prior thereto, did not deprive defendant of effective assistance of counsel. The record establishes that defendant's attorney at sentencing argued for leniency based upon various factors favoring defendant. We conclude on the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.