THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON J. McCURTY, Appellant. (Appeal No. 1.) [874 NYS2d 835]— Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 5, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON J. McCURTY, Appellant. (Appeal No. 2.) [875 NYS2d 718]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 5, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). In appeal No. 2, he appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (§ 160.15 [3]). Addressing first the judgment in appeal No. 2, we reject defendant's contention that the photo array identification by the robbery victim was unduly suggestive. The individuals depicted in the photo array have physical characteristics similar to those of defendant, and "the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers*, 245 AD2d 1041, 1041 [1997]; *see People v Kirkland*, 49 AD3d 1260, 1261 [2008], *lv denied* 10 NY3d 961 [2008]). Contrary to defendant's further contention, the People did not present evidence at the *Wade* hearing that the robbery victim had observed defendant while he was handcuffed in the back of a police car prior to viewing the photo array, and "[t]estimony subsequently elicited at trial may not be considered in connection with a challenge to a pretrial suppression determination" (*People v Taylor*, 206 AD2d 904, 904 [1994], *lv denied* 84 NY2d 940 [1994]; *see People v Williams*, 55 AD3d 1449, 1450 [2008]). Further, this case does not fall within the "narrow exception to the general rule against challenging a suppression determination based on evidence adduced at trial . . . because 'there was no showing that the additional facts relied upon could not have been discovered with reasonable diligence before determination of the [suppression] motion' " (*Williams*, 55 AD3d at 1450-1451). We reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Based on our determination in appeal No. 2, we reject defendant's contention that the plea in appeal No. 1 should be vacated (*cf. People v Fuggazzatto*, 62 NY2d 862, 863 [1984]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.