■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KIRWADE KIRNON, Appellant.— Judgment of the Supreme Court, Bronx County, rendered May 25, 1971, convicting defendant, after trial by jury, of grand larceny in the second degree and unconditionally discharging him of the charge of unauthorized use of a vehicle, is affirmed. The jury verdict was amply supported by the evidence. The principal issues are factual, involving a conflict

between the People's proof and the defendant's version. The defendant's guilt was established by proof that the complainant had parked and locked his car, which was in good conditon, with a key locked in the glove compartment, and had last seen it on the morning of August 16, 1970. At 4:00 PM that afternoon, the defendant was apprehended driving the motor vehicle without permission. The side vent window was knocked out and the glove compartment broken open. It would appear defendant was in recent, exclusive, and unexplained possession of the car, permitting the jury to infer that he had stolen it (*People* v. *Colon*, 28 N Y 2d 1; *People* v. *Moro*, 23 N Y 2d 496; *People* v. *Foley*, 307 N. Y. 490; *People* v. *Galbo*, 218 N. Y. 283, 290). The market value of the automobile was proven by competent evidence permitting the jury to find beyond a reasonable doubt the value was over $1,500 (Penal Law, § 155.20; *People* v. *Carter*, 19 N Y 2d 967; *People* v. *Irrizari*, 5 N Y 2d 142; *People* v. *Gaul*, 22 A D 2d 805). An element of larceny is "intent to deprive another of property or to appropriate the same to [oneself] or to a third person" (Penal Law, § 155.05, subd. 1). To deprive is defined in terms of intent to withhold or exercise control permanently or long enough to acquire or deprive the owner of the major portion of the property's ·economic value or dispose of it for the benefit of the thief or another or under circumstances rendering it unlikely that the owner will recover it (Penal Law, § 155.00, subds. 3, 4). In the instant case, the defendant deprived the complainant of the use of the Oldsmobile for a period of time up to five hours. The side vent window was knocked out and the glove compartment was broken into. After a chase, the defendant abandoned the vehicle in the middle of the street, blocking traffic, with the motor running and the doors wide open. There was sufficient evidence for the jury to infer larcenous intent, as defined in sections 155.00 and 155.05 of the Penal Law. The defendant was properly convicted on the charges of grand larceny and unauthorized use. In the instant case, defendant received a prison sentence on the larceny and an unconditional discharge on the unauthorized use. Unauthorized use of an automobile under section 165.05 of the Penal Law is established whenever one takes, operates, exercises control over, rides in or otherwise uses a vehicle without the owner's consent. Grand larceny of an automobile requires proof of the added element of intent to appropriate. They are not inconsistent offenses. Section 1293-a of the former Penal Law defined unauthorized use in terms excluding circumstances constituting larceny as defined in any other section. Section 165.05 of the present Penal Law, defining unauthorized use, does not exclude from its ambit a use involving a larcenous taking. Unauthorized use is, therefore, a lesser included offense to the larceny of an automobile. Moreover, the unconditional discharge of the defendant on the crime of unauthorized use renders moot the legal claims thereon grounded. In view of the defendant's previous record (at least two prior convictions), we see no reason for the reduction of sentence. Concur — Markewich, J. P., Kupferman and McNally, JJ.; Nunez and Murphy, JJ., dissent in a memorandum by Murphy, J., as follows: The defendant was arrested for the taking of an automobile. The car was missing for some two to five hours. A policeman saw the defendant driving the car and, after a chase, observed the defendant abandon it in the vicinity of where it had been originally parked by the complainant. The side vent window had been broken and the spare key removed from the glove compartment. A key was in the ignition. It further appears that the complainant and the defendant were known to each other. After a jury trial the defendant was convicted of (1) grand larceny in the second degree (Penal Law, § 155.35) and sentenced to five years in State prison; and (2) unauthorized use of a

vehicle (a misdemeanor) (Penal Law, § 165.05) and unconditionally discharged thereon. The crimes of larceny and unauthorized use of a vehicle (" joy riding ") are inconsistent crimes under the former and the revised Penal Law. (*People* v. *Ramistella,* 306 N. Y. 379; *People* v. *Ciprio,* 30 A D 2d 956; *People* v. *McCaleb,* 25 N Y 2d 394.) Larceny involves " intent to deprive another of property or to appropriate the same to [oneself] or to a third person " (Penal Law, § 155.05, subd. 1). To " deprive " another of property is " to withhold it or cause it to be withheld from him permanently or for so extended a period * * * that the major portion of its economic value or benefit is lost to him "; and to " appropriate " property of another is " to exercise control over it * * * permanently or for so extended a period or under such circumstances as to acquire the major portion of its economic value or benefit ". (Penal Law, § 155.00, subds. 3, 4.) The unauthorized use of a vehicle is and has always been recognized as less than larceny (*People* v. *McCaleb, supra*) and is committed by a person who " Knowing that he does not have the consent of the owner * * * takes, operates, exercises control over, rides in or otherwise uses a vehicle." (Penal Law, § 165.05, subd. 1.) Accordingly, by definition and case authority, a conviction under both counts here is a contradiction requiring reversal. Trial counsel properly excepted to the charge and requested that these inconsistent counts be charged in the alternative. The trial court's denial of such request was reversible error. In this regard, the Practice Commentary following section 165.05 of the Penal Law (McKinney's Cons. Laws of N. Y. Book 39, p. 500) states: " This section is derived from existing Penal Law § 1293-a defining the offense commonly known as ' joy riding ' which does not legally amount to larceny because the intent is of a 'borrowing' rather than of a 'depriving' or 'appropriating' nature (Van Vechten v. American Eagle Fire Ins. Co., 1925, 239 N. Y. 303, 305 * * *). The revised section is drafted to encompass certain offenses analogous to embezzlement as well as those of the ordinary trespassory taking variety. * * * This offense is classified a misdemeanor. In a sense, that represents a down-grading from the former law which, penalizing such conduct by the larceny standard, geared the punishment to the value of the vehicle (§ 1293-a). That does not seem to be a logical penalty system for a 'borrowing' type of crime. Under the revision, genuine theft cases would, of course, be prosecutable as larceny with the penalty depending upon the value of the vehicle." Additionally, the proof adduced fails to establish that defendant intended to " deprive " or " appropriate " the automobile as such terms are defined by the Penal Law. The facts proved substantiated only the crime of unauthorized use. Moreover, and in any event, a conviction of grand larceny in the second degree requires that the property stolen have a value which " exceeds one thousand five hundred dollars " (Penal Law, § 155.35). " Value means the market value of the property at the time and place of the crime." (Penal Law, § 155.20.) The complainant testified that he purchased the car two years and two months before it was taken for between $3,400 and $3,500, and that it was in good condition at the time it was stolen. An experienced automobile dealer testified for the People that in August, 1970 a 1968 Oldsmobile's retail market value was approximately $1,750 to $1,800, depending on its condition; and that its wholesale price was about $1,250. The People's expert conceded that such value could vary, depending on the car's condition. When asked for what price he would sell the automobile, he responded: " I don't know. I cannot tell you that, because *I haven't seen the car.* * * * I will not pass judgment on a car I have not seen. I was only asked what an average car would be worth and what it would be sold for. That is what I told you." (Italics supplied.)

Assuming, *arguendo,* that all of the elements of grand larceny have been established, at best the People have sustained a conviction of grand larceny in the third degree (Penal Law, § 155.30) and not grand larceny in the second degree (Penal Law, § 155.35), where the value of the property stolen must be shown, beyond a reasonable doubt, to exceed $1,500. Lastly, the sentence of five years (maximum) in State prison for this 21-year-old who had only one prior conviction for unauthorized use of a vehicle, for which he received a 30-day sentence, and who as a youth spent time in Willowbrook State Hospital, Napanoch and Beacon State Institute for the Mentally Defective, was, in our opinion, excessive when the nature of the crime and the defendant's background are considered. For the foregoing reasons we would reverse and remand for a new trial.