■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON TSE, Also Known as SAM YU, Appellant. [693 NYS2d 515] —Judgment, Supreme Court, Bronx County (Joseph Cohen, J., at plea; Rosalyn Richter, J., at plea withdrawal motion and sentence), rendered October 20, 1997, convicting defendant, upon his plea of guilty, of possession of a stolen motor vehicle in violation of Vehicle and Traffic Law § 426, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

After conducting a thorough hearing, the sentencing court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea. The record supports the court's rejection, as unreliable, of the purportedly exculpatory evidence presented by defendant in support of his assertion of innocence. Moreover, even if defendant acquired original possession of the vehicle in question lawfully, he ultimately converted the vehicle to his own use (see, Penal Law § 155.05 [1]; § 155.00 [3], [4]; People v Kirnon, 39 AD2d 666, 667, affd 31 NY2d 877).

Defendant's claim that his factual allocution was rendered insufficient by the plea court's use of a compound question was not specifically raised before the sentencing court nor was it specifically ruled upon by that court. Accordingly, this claim is unpreserved (see, People v Toxey, 86 NY2d 725), and we decline to review it in the interest of justice. Were we to review this claim, we would conclude that defendant's admission of all the elements of the crime may be reasonably inferred from his factual recitations (see, People v McGowen, 42 NY2d 905), and that nothing in the allocution casts doubt on his guilt. We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.