■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAL MERANTE, Appellant. [873 NYS2d 55]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered February 9, 2006, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him to an unconditional discharge, unanimously affirmed.

The verdict was based upon legally sufficient evidence. The evidence established that defendant agreed to permit a car to be stored on his property, and that he also agreed that he would have no authority to move the car; instead, the owner's sister would be contacted to move the car if necessary. The evidence also established that defendant (in his own words to the investigating officer) "got rid of the car" by giving it to an accomplice. This evidence supported the inference of larcenous intent (*see* Penal Law § 155.05 [1]; § 155.00 [3], [4]; *People v Kirnon*, 39 AD2d 666, 667 [1972], *affd* 31 NY2d 877 [1972]; *cf. People v Tse*, 261 AD2d 309 [1999], *lv denied* 93 NY2d 1006 [1999]), and satisfied all the elements of larceny. Defendant's present assertion that he had the car moved off his property for legitimate purposes is unsupported by any evidence, as well as being undermined by his own trial testimony.

The testimony of the People's expert clearly supported the conclusion that the value of the car at the time it was taken exceeded the $3,000 threshold for third-degree grand larceny. Defendant's other arguments relating to legal sufficiency are both unpreserved and without merit.

The court properly admitted evidence that defendant's accomplice demanded that the owner's sister pay him money to obtain the return of the car. This was not offered for its truth, but as a verbal act that was part of the criminal transaction (*see e.g. People v Ayala*, 273 AD2d 40 [2000], *lv denied* 95 NY2d 863 [2000]). Accordingly, it was neither hearsay nor evidence of an uncharged crime. In its final charge, the court thoroughly instructed the jury on accomplice liability, and the absence of such a charge at the time this evidence was introduced did not cause defendant any prejudice. Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.