(February 13, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP L. STEVENS, Appellant. [979 NYS2d 804]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered October 6, 2011, as amended October 19, 2011, convicting defendant, after a jury trial, of criminal mischief in the third and fourth degrees and petit larceny, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years, one year, and one year, unanimously modified, on the law, to the extent of directing that the three sentences be served concurrently, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations.

With respect to the petit larceny conviction, the evidence supports the conclusion that defendant disposed of the victim's

property under circumstances rendering it unlikely that she would recover it (*see* Penal Law § 155.00 [3]; *People v Kirnon*, 39 AD2d 666, 667 [1972], *affd* 31 NY2d 877 [1972]). With respect to the fourth-degree criminal mischief conviction, based on an incident where defendant seized the victim's phone during a violent altercation, the evidence supported the conclusion that defendant, with intent to prevent the victim from communicating a request for emergency assistance, intentionally removed telephonic equipment while the victim was seeking emergency assistance (*see* Penal Law § 145.00 [4] [a]). With respect to the third-degree criminal mischief conviction, there was ample evidence, including testimony by the victim and a police officer, as well a photograph, to support the conclusion that defendant damaged, beyond repair, a television valued in excess of $250 (*see People v Garcia*, 29 AD3d 255, 263-264 [1st Dept 2006], *lv denied* 7 NY3d 789 [2006]).

Defendant did not preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Although some of the prosecutor's remarks were improper, the court's curative actions were sufficient to prevent prejudice.

As the People concede, Penal Law § 70.35 requires that the sentences for the misdemeanor convictions run concurrently with the sentence for the felony conviction. Concur—Gonzalez, P.J., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.