■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BANCHS, Appellant. [11 NYS3d 571]—

Judgment, Supreme Court, New York County (Cassandra Mullen, J.), rendered April 9, 2013, convicting defendant, after a jury trial, of robbery in the first degree, grand larceny in the fourth degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that at the time defendant took the victim's property (a baseball cap), defendant acted with the requisite intent to permanently deprive the victim of it (*see* Penal Law § 155.00 [3]; *People v Kirnon*, 39 AD2d 666, 667 [1st Dept 1972], *affd* 31 NY2d 877 [1972]). Defendant's later abandonment of the baseball cap does not vitiate the evidence of defendant's intent; the video and audio recording of the crime showed him using a weapon to retain the cap when the victim initially followed him out of the subway car.

While some of the prosecutor's comments would have been better left unsaid, viewed as a whole, her summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Just prior to summations, the court instructed the jury that if it sustained an objection to a "comment of a lawyer, the comment is stricken from the record and you must disregard it." The court then sustained defense counsel's objections to those of the prosecutor's comments that were inappropriate, including her final statement to the jury, "I am asking you to go back in that room and do what you swore to do, find the defendant guilty." The jury is presumed to have followed the court's earlier instruction to disregard comments to which it sustained an objection. In any event, in light of the overwhelming evidence of defendant's guilt, any error was harmless. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.