People v Ramos (2018 NY Slip Op 04097)





People v Ramos


2018 NY Slip Op 04097


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6812 1442/14

[*1]The People of the State of New York, Respondent,
v
William Ramos, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered December 3, 2014, convicting defendant, after a jury trial, of robbery in the second degree and resisting arrest, and sentencing him, as a second violent felony offender, to an aggregate term of nine years, unanimously modified, on the law, to the extent of reducing the second degree robbery conviction to third degree robbery, remanding the matter for resentencing on that conviction, and otherwise affirmed.
We reject defendant's argument that the verdict was not based on legally sufficient evidence and was against the weight of the evidence because the evidence did demonstrate an intent to permanently deprive the victim of her property. Defendant's conduct, including his flight with the victim's purse and necklace, supported the inference that, at the time of the robbery, he intended to permanently deprive the victim of her property (see Penal Law § 155.00 [3]; People v Kirnon, 39 AD2d 666, 667 [1st Dept 1972], affd 31 NY2d 877 [1972]), notwithstanding that the incident involved domestic violence
(see People v Ramos, 12 AD3d 316, 317 [1st Dept 2004], lv denied 4 NY3d 767 [2005]).
However, we agree with the defendant that the evidence was insufficient to establish "substantial pain" beyond a reasonable doubt to sustain his conviction of robbery in the second degree Penal Law § 160.10 [2] [a]). The People's evidence, presented through photographs and police testimony, was insufficient to establish that plaintiff suffered more than "petty slaps" and, therefore, failed to establish "substantial pain" beyond a reasonable doubt (see Matter of Philip A., 49 NY2d 198, 200 [1980]).
Defendant did not preserve any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [*2][1993]). To the extent that portions of the summation could be viewed as containing a misstatement of law, any prejudice was avoided by the court's charge, which the jury is presumed to have followed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK