People v Camacho (2019 NY Slip Op 02624)





People v Camacho


2019 NY Slip Op 02624


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8899 6143/09

[*1]The People of the State of New York, Respondent,
v
Paulino Camacho, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 3, 2010, as amended January 11, 2011, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.
Defendant did not preserve his legal sufficiency claims regarding the elements of criminal possession of stolen property, or his related claim regarding the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence, including defendant's implausible and conflicting explanations, amply supported inferences that defendant knew that a car in his possession was stolen (see People v Zorcik, 67 NY2d 670, 671 [1986]), and that he intended to permanently deprive the car's owner of his property (see People v Kirnon, 39 AD2d 666, 667 [1972], affd 31 NY2d 877 [1972]).
Defendant's challenge to the court's response to a jury note is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the court provided a meaningful response (see People v Malloy, 55 NY2d 296 [1982], cert denied 459 US 847 [1982]) and that the response could not have caused any prejudice in light of the evidence presented at trial.
While portions of the courts Sandoval ruling, specifically the admission of two stale felony convictions (entered in excess of 25 years prior) and the underlying facts of all 13 convictions (including the inflammatory details of a conviction for lewd public behavior) constituted an abuse of discretion, any error in the ruling is harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK