■ MEYERS PARKING SYSTEM, INC., Appellant-Respondent, v 475 PARK AVENUE SO. CO. et al., Respondents-Appellants.— Order and judgment (one paper), Supreme Court, New York County (Burton S. Sherman, J.), entered February 24, 1992, which, *inter alia,* denied plaintiff's motion for a preliminary injunction prohibiting defendants from taking any steps to terminate the parties' lease, granted defendants' cross-motion for summary judgment declaring the rights of the parties under their lease, and dismissed defendants' second counterclaim for sanctions under 22 NYCRR 130-1.1, unanimously affirmed, without costs.

The language of the lease clearly and unambiguously specified that plaintiff was to pay "a sum equal to 15%" of any real estate tax increase as additional rent. Such escalation clauses are common in commercial leases and have been approved and enforced according to their terms *(see, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211). There being no showing of unjust enrichment, unconscionability, mutual mistake or violation of public policy, the court properly granted summary judgment, noting that the lease had been negotiated at arm's length and abided by for over a period of 20 years. The parties "intended that which they wrote" *(Penney Co. v 1700 Broadway Co.,* 104 Misc 2d 787, 792).

There was no showing that the action was frivolous, without merit, or undertaken primarily to delay or prolong the litigation or harass another such as would warrant the imposition of sanctions. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.