OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be reversed, with costs, the petition granted in its entirety and respondent prohibited from imposing sanctions on petitioner pursuant to 22 NYCRR part 130.
 

 This is a proceeding pursuant to CPLR article 78 which was initiated in the Appellate Division pursuant to CPLR 506 (b) (1) to prohibit the respondent Judge from imposing a sanction on the petitioner pursuant to 22 NYCRR part 130.
 

 Petitioner is an attorney whose firm was retained to represent a defendant in a criminal matter on October 19, 1995. The defendant had been charged with various sex offenses including the rape and sodomy of a 14-year-old girl. Prior to the retention of the law firm, the defendant had been represented by other counsel.
 

 On October 30,1995, petitioner was informed by respondent’s secretary that a hearing would take place in the criminal matter on Thursday, November 2, 1995, at 1:00 p.m. On the day before the hearing, petitioner requested an adjournment, indicating that he had thought the Judge’s chambers would get back to him if the hearing was still scheduled. An adjournment was denied. When he appeared on the day of the hearing, petitioner stated that he had not had sufficient time, but was prepared to go forward. The Judge concluded that the peti
 
 *997
 
 tioner was unprepared to
 
 go
 
 forward, adjourned the matter and imposed a sanction of $250 for his unpreparedness.
 

 An attorney is subject to sanction only if there is legislation or a court rule authorizing the sanction
 
 (Matter of A. G. Ship Maintenance Corp. v Lezak,
 
 69 NY2d 1). Here there is no legislation or court rule authorizing the sanction. While 22 NYCRR 130-2.1 allows sanctions for a failure of an attorney to appear in certain scheduled matters, the rule does not include a sanction for unpreparedness. We do not equate unpreparedness with a failure to appear.
 

 We reject the respondent’s contention that prohibition does not lie in this case. Prohibition is appropriate here where the Judge clearly exceeded his authority, there is a clear legal right to the relief and the harm in imposing the sanction is great
 
 (Matter of Pirro v Angiolillo,
 
 89 NY2d 351).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Judgment reversed, etc.