McCooe, J. P.
(dissenting). I respectfully dissent and would reverse the order and grant attorneys’ fees to the defendant as the prevailing party. The majority denied attorneys’ fees to the defendant as the prevailing party in reliance on Wells v East 10th St. Assocs. (205 AD2d 431 [1st Dept 1994]) where the Appellate Division reversed the Appellate Term based upon a change in the law and denied attorneys’ fees. The law had changed after a final judgment in the Civil Court and an affirmance by the Appellate Term. The Appellate Division held that it would be “manifestly unfair” to grant attorneys’ fees under these circumstances and denied the prevailing party attorneys’ fees as a matter of discretion.
The law in this case changed at the trial level and before final judgment. The controlling statute was amended which changed the law and the plaintiff did not discontinue. Thereafter the attorney for the defendant wrote to the attorney for the plaintiff giving her the opportunity to discontinue the proceeding based upon Zafra v Pilkes (245 AD2d 218 [1st Dept 1997]) but she refused. Continuing the proceeding after the statutory and decisional law had changed, particularly where the plaintiff had the opportunity to discontinue, makes the plaintiff liable for attorneys’ fees.
The language of the Appellate Division in Wells v East 10th St. Assocs. (205 AD2d 431, supra), indicating that it applies to the law existing at the time the action was commenced, should not be read literally since the Court was not presented with this fact pattern. The law in this case changed when the case was still at the trial level. The law in Wells changed after final judgment and the nonprevailing party could not be charged with knowledge of a change in the law and did not have the opportunity to discontinue.
The prevailing party is contractually entitled to attorneys’ fees. There is no showing that it would be “manifestly unfair” *500 when the date of the change in the law took place and the opportunity to discontinue are considered. (245 Realty Assocs. v Sussis, 243 AD2d 29, 35 [1st Dept 1998].) The appended chronology showing the relevant dates illustrates this point.
While I am bound by precedent to follow Wells v East 10th St. Assocs. (205 AD2d 431, supra), I have the right in a proper case to set forth the basis for my disagreement in the hope “that precedent should be overturned.” (People v James, 111 AD2d 254, 256, affd 67 NY2d 662 [1986].)
The legal basis for my disagreement is that a prevailing party is contractually entitled to attorneys’ fees unless the attorney fee lease clause is voided on a legal contractual defense. Discretion should not play a role in the denial. This issue is distinct from the determination as to who is the prevailing party and the amount of the fee.
Attorneys’ fees to a prevailing party are recoverable only by agreement of the parties or by statute or court rule. (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986].) Two of the most common examples of statutes authorizing attorneys’ fees are Domestic Relations Law § 237 in matrimonial proceedings and CPLR 8601 which authorizes attorneys’ fees in certain actions against the State of New York. Both statutes vest discretion in the court to deny attorneys’ fees. CPLR 8601 (a) specifically provides for denial where “special circumstances make an award unjust.”
A lease is a contract, and unless fraud, collusion, mistake, accident or unconscionability is shown, the lease provisions should be enforced as agreed to. Nevertheless, some courts have searched for a standard in exercising discretion to deny a prevailing party attorneys’ fees without advancing a rationale consistent with contract law. The two relevant cases cited in Wells (supra) are examples of this.
In Nesbitt v New York City Conciliation & Appeals Bd. (121 Misc 2d 336, 340) the court disagreed with Thomas Loft Tenants Assn. v Sylvan Lawrence Co. (117 Misc 2d 360) where that court had “exercised its discretion to deny counsel fees using a standard of good faith.” The court adopted the standard that “[a] court should invoke its discretion to deny fees * * * where bad faith is established on the part of the successful party or where unfairness is manifest.” (Supra, at 340.) Feierstein v Moser (124 Misc 2d 369) similarly rejected the good-faith standard for denying the prevailing party attorneys’ fees. Wells v East 10th St. Assocs. (supra, at 432), which is the precedential authority, has adopted a “manifestly unfair” stan *501 dard and found that “it was not an abuse of discretion” to deny attorneys’ fees to the prevailing party.
The law is that absent a “showing of unjust enrichment, unconscionability, mutual mistake or violation of public policy” the clear and unequivocal provisions of a lease should be adhered to. (Meyers Parking Sys. v 475 Park Ave. So. Co., 186 AD2d 92 [1st Dept 1992].) The lease clearly provides for attorneys’ fees which the plaintiff requested in its complaint. Wells (supra) invalidated the attorneys’ fee provision, which is a term of the contract of leasing, upon the ground of an equitable standard not previously recognized as a defense to a contract or term thereof contrary to its prior holding in Meyers Parking Sys. v 475 Park Ave. So. Co. (186 AD2d 92, supra). The law is being changed to add a new defense to a contract because the result in one case appears unfair.
Real Property Law § 235-c entitled “Unconscionable lease or clause” provides that if a court finds a lease or clause in a lease to be unconscionable at the time it was made, it may refuse to enforce the lease or only the unconscionable term. The Wells standard of “manifestly unfair” is a different standard than unconscionability and it does not address the requirement that the manifest unfairness exist at the time of the entry into the lease or that the prevailing party was in any way at fault as in the traditional defenses.
The Legislature has set the standard which according to recognized rules of statutory interpretation excludes other standards. It could have provided the courts with discretion to deny attorneys’ fees to the prevailing party by including language similar to that in CPLR 8601 when it enacted Real Property Law § 234 or that the unconscionability of a lease or term thereof could be raised as a defense at any time when it enacted Real Property Law § 235-c. Similarly, the Legislature granted the successful party costs unless “the court determines that to so allow * * * would not be equitable, under all of the circumstances.” (CPLR 8101.)
The inherent power of the courts to supervise attorneys’ fees is not implicated since this case involves substantive contract law and the Legislature could have addressed this issue and did not. (Alvarez v Snyder, 264 AD2d 27, 40 [1st Dept 2000] [Saxe, J., concurring].) Furthermore, even if there was such inherent power, this issue should be determined by statute or by “plenary rule rather than by ad hoc judicial decisions.” (Matter of A. G. Ship Maintenance Corp. v Lezak, supra, at 6; Premo v Breslin, 89 NY2d 995 [1997].)
*502 Reliance on traditional contract defenses promotes uniformity of result. It eliminates judicial determinations on an ad hoc basis depending upon each Judge’s discretionary view of the correctness of the result in the underlying case. This discretionary view can deny attorneys’ fees to the prevailing party contrary to the contractual agreement, traditional contract defenses and any legislative authorization. Furthermore, consistency would require that this equitable defense of “manifestly unfair” be applicable to all commercial transactions having attorney fee provisions including automobile leases, mortgages and loans.
Apart from any disagreement with Wells (supra) on a legal basis, there is a more important pragmatic basis. Attorneys’ fees are becoming the tail wagging the dog in landlord and tenant proceedings. Litigating the issue as to who is the prevailing party and the amount of the fee remains after a simple main action is determined and becomes the focus of further litigation. Manifest unfairness adds a third issue for litigation where the entitlement should be definite absent a traditional legal defense.
The cases cited in the last sentence of the majority opinion are not applicable because they consider the issue of who is the prevailing party. This case considers the issue of once the prevailing party is determined, can attorney fees be denied to it?
The order should be reversed, attorneys’ fees directed for the defendant and remanded to the Civil Court for an assessment of attorneys’ fees.
Davis and Gangel-Jacob, JJ., concur; McCooe, J. P., dissents in a separate memorandum.