OPINION OF THE COURT
 

 Rosenblatt, J.
 

 Since 1996, New York has maintained a DNA identification
 
 *409
 
 index, which consists of a databank of the genetic markers of certain criminal offenders for use by law enforcement officials investigating subsequent crimes
 
 (see generally
 
 Executive Law § 995-c). The law requires those offenders to submit a DNA sample that is then forwarded for laboratory analysis “only for those markers having value for law enforcement identification purposes” (Executive Law § 995-c [5]). In 1999, the Legislature amended the Executive Law to increase the number of offenses subject to the index, creating two categories of additional offenses. The first includes violent felony offenses (as defined in Penal Law § 70.02 [1]), as well as attempted murder in the first degree, kidnapping in the first degree, arson in the first degree and burglary and attempted burglary in the third degree. The statute provides that persons convicted of those crimes are subject to the DNA identification index, even though they committed their crimes and were convicted before the effective date of the amendment, so long as they have not completed their sentences as of December 1, 1999.
 

 The second category of additional offenses includes a number of drug crimes and larceny from the person. For those crimes, offenders are subject to the DNA identification index only if they are convicted on or after December 1, 1999
 
 (see
 
 L 1999, ch 560, § 9).
 

 Plaintiff was convicted in 1994 for assault in the second degree and criminal possession of a weapon in the third degree. He was sentenced to concurrent sentences of 2Vs to 7 years in prison. The Division of Parole granted him a discretionary release in September 1999, but required him to remain under the Division’s jurisdiction until sometime in January 2002,
 
 [1]
 
 at which plaintiff’s sentence would have expired if he were to serve the maximum.
 

 In March 2000, plaintiff’s parole officer notified him that the amendment to the DNA identification index law required him, as a violent felony offender, to submit a DNA sample. Plaintiff complied under written protest, having been informed that his refusal would result in reincarceration.
 

 On this appeal, plaintiff challenges the 1999 amendment to the DNA identification index law as an unconstitutional ex post facto law
 
 (see
 
 US Const, art I, § 10) and as violating the General Construction Law’s caveat that ambiguous statutes should not be construed so as to exact a retroactive
 
 *410
 
 punishment.
 
 [2]
 
 He argues that because the amendment, by its terms, applies to prisoners sentenced before its effective date, it violates the Constitution and the General Construction Law. We disagree.
 

 The Ex Post Facto Clause of the United States Constitution prohibits states from enacting laws that criminalize prior, then-innocent conduct; increase the punishments for past offenses; or eliminate defenses to charges for incidents that preceded the enactment
 
 (see Collins v Youngblood,
 
 497 US 37, 42-43, 52 [1990];
 
 Beazell v Ohio,
 
 269 US 167, 169-170 [1925];
 
 Calder v Bull,
 
 3 Dall [3 US] 386, 390 [1798] [op of Chase, J.]). The prohibition on ex post facto laws applies only to penal statutes
 
 (see Youngblood,
 
 497 US at 41 n 2); thus, where the challenged statute does not seek to impose a
 
 punishment,
 
 it does not run afoul of the Ex Post Facto Clause.
 

 Here, the DNA identification index is to be used in
 
 future
 
 investigations, not as punishment for past crimes, and records may not be released except to law enforcement agencies and district attorneys’ offices “for law enforcement identification purposes,” and for “criminal defense purposes” (Executive Law § 995-c [6] [a], [b];
 
 see also
 
 Executive Law § 995-d).
 
 [3]
 
 Nowhere is there any suggestion that the extraction of the DNA sample has anything to do with increasing the punishment of persons convicted of the designated offenses. Because the purpose of the DNA identification index is to aid in investigation, and not to punish, the retroactive application of the amendment comports with the Ex Post Facto Clause
 
 (see Shaffer v Saffle,
 
 148 F3d 1180, 1182 [10th Cir 1998],
 
 cert denied
 
 525 US 1005 [1998];
 
 Rise v State of Ore., 59
 
 F3d 1556, 1562 [9th Cir 1995],
 
 cert denied
 
 517 US 1160 [1996];
 
 Gilbert v Peters, 55
 
 F3d 237, 238-239 [7th Cir 1995];
 
 Jones v Murray,
 
 962 F2d 302, 309 [4th Cir 1992],
 
 cert denied
 
 506 US 977 [1992]).
 

 
 *411
 
 Plaintiff’s challenge based on the General Construction Law also fails. Except where the Constitution prohibits it, the Legislature is free to enact laws that have retroactive application. We have long recognized that the General Construction Law places no restraint on the Legislature beyond the restrictions in the Constitution (see
 
 People v Roper,
 
 259 NY 635, 635 [per curiam] [1932]
 
 [“In the absence of evidence of contrary intent
 
 such legislation (i.e., laws repealing other laws) is not to be given retroactive effect” (emphasis added)]). Stated simply, state statutory law, including the General Construction Law, provides no ground for invalidating another, later-enacted state statute. Here, there is ample evidence — namely, the undisputably clear language of the statute — that the Legislature intended the act to apply to prisoners who were convicted of the designated offenses before the effective date of the act.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Graffeo and Read concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs.
 

 [1]
 

 . The record is in conflict as to whether the correct date is January 2, 2002 or January 5, 2002.
 

 [2]
 

 . General Construction Law § 93 provides that
 

 “[t]he repeal of a statute or part thereof shall not aifect or impair any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected.”
 

 [3]
 

 . Additionally, records may be released “to an entity authorized by the division [of criminal justice services] for the purpose of creating or maintaining a population statistics database or for identification research and protocol development for forensic DNA analysis or quality control purposes” (Executive Law § 995-c [6] [c]).