■ Rosemary Rizzuto, Respondent, v Joseph Rizzuto, Appellant. [774 NYS2d 159]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Spolzino, J.), entered February 24, 2003, as (1) awarded the plaintiff temporary exclusive use and occupancy of the marital residence, (2) awarded the plaintiff an interim counsel fee in the sum of $6,000, (3) directed him to pay to the plaintiff's attorney the sum of $2,000, in effect, as a sanction for the failure of the defendant's attorney to attend a court appearance on January 15, 2003, and (4) granted an order of protection against him and in favor of the plaintiff.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof directing the defendant to pay to the plaintiff's attorney the sum of $2,000, in effect, as a sanction for the failure of the defendant's attorney to attend a court appearance on January 15, 2003; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly awarded the plaintiff temporary exclusive use and occupancy of the marital residence (see Shanon v Patterson, 294 AD2d 485, 486 [2002]; Mitzner v Mitzner, 228 AD2d 483, 484 [1996]).

However, the court erred in directing the defendant to pay the plaintiff's attorney the sum of $2,000, in effect, as a sanction for the failure of the defendant's attorney to appear at a court appearance held on January 15, 2003. While 22 NYCRR

130-2.1 (a) permits the imposition of a financial sanction upon an attorney for his or her unjustified failure to attend a scheduled court appearance in an action or proceeding, it does not authorize the imposition of such a sanction upon a party personally (*see Feldman v Feldman,* 300 AD2d 347, 348 [2002]).

The defendant's remaining contentions are without merit. Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.