*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                   518058
_____

SANDY D. ZANKER-NICHOLS et al.,
    as Co-Fiduciaries of the
    Estate of ADELAIDE C. ZANKER,
    Deceased,
                        Respondents,

        v                                   MEMORANDUM AND ORDER

UNITED REFINING COMPANY et al.,
    Foreign Corporations
    Doing Business as KWIK FILL,
                        Appellants.
_____

Calendar Date:  February 11, 2015

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Gerald A. Kinchy, Sayre, Pennsylvania, for appellants.

        Law Office of Ron Benjamin, Binghamton (Amy C. Chambers of
counsel), for respondents.

_____

Garry, J.

        Appeal from an order of the Supreme Court (Reynolds
Fitzgerald, J.), entered May 14, 2013 in Broome County, which
granted plaintiffs' motion for costs.

        This negligence action seeks damages for injuries sustained
by decedent when she fell on defendants' premises in the City of
Binghamton, Broome County.  On the morning that the trial was
scheduled to commence, defendants' counsel appeared and requested
an adjournment on the ground that he was ill and unable to
proceed.  Supreme Court granted the adjournment.  Plaintiffs then

moved for costs, seeking reimbursement for cancellation fees paid to two experts who had been scheduled to testify at trial. The court granted the motion, directing defendants to reimburse plaintiffs in the amount of $6,900. Defendants appeal.

Although Supreme Court is vested with a broad authority to supervise and control the conduct of trial proceedings, in light of the findings and circumstances appearing upon the record, we must reverse. Courts are specifically authorized to impose "costs in the form of reimbursement for actual expenses reasonably incurred" as a result of frivolous conduct, which consists of actions that lack legal merit, are undertaken to cause delay or prolong litigation, or involve material false statements of fact (22 NYCRR 130-1.1 [a]; see 22 NYCRR 130-1.1 [c]). Here, those provisions do not apply, as the court determined that the request by defendants' counsel for an adjournment did not constitute such conduct.

Courts also have authority to impose "costs in the form of reimbursement for actual expenses reasonably incurred . . . upon any attorney who, without good cause, fails to appear at a time and place scheduled for an action or proceeding to be heard before a designated court" (22 NYCRR 130-2.1 [a]). By definition, such an award requires a determination that an attorney acted without good cause; here again, the court made a contrary finding, to the effect that defendants' counsel was genuinely ill and thus unable to proceed on the day of trial. Further, the timely appearance of an attorney at the outset of a scheduled proceeding to request an adjournment on the ground that he or she is unable to proceed does not constitute a failure to appear within the meaning of this provision (see Matter of Premo v Breslin, 89 NY2d 995, 997 [1997]; see also Matter of Tanisea F., 44 AD3d 1043, 1044 [2007]). Finally, this provision "does not authorize the imposition of such a sanction upon a party personally" (Rizzuto v Rizzuto, 5 AD3d 579, 580 [2004]; see Feldman v Feldman, 300 AD2d 347, 348 [2002]).

In sum, Supreme Court premised the award of costs solely upon the harm caused to plaintiffs by the cancellation fees, rather than any type of misconduct by defendants or their counsel. Although the concern is understandable, for the reasons

stated above the governing rules do not authorize the award, and no sound alternative basis has been enunciated. Accordingly, the order must be reversed. Defendants' remaining arguments are rendered academic by this determination.

Peters, P.J., Rose and Lynch, JJ., concur.

ORDERED that the order is reversed, on the law, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court