■ In the Matter of GRAND IMPERIAL, LLC, Respondent, v NEW YORK CITY BOARD OF STANDARDS AND APPEALS et al., Appellants. [27 NYS3d 158]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, J.), entered April 22, 2015, granting the petition to annul a resolution of respondent Board of Standards and Appeals, adopted June 10, 2014, as amended July 2, 2014, which affirmed the Department of Buildings' denial of petitioner's request for a letter of no objection regarding petitioner's rental of units in its class A residential building for a minimum of seven days, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed, without costs.

As Supreme Court found, based on the former Multiple Dwelling Law § 248 (16), which permitted single room occupancy owners to rent their rooms for periods as short as seven days, petitioner had an accrued right, within the meaning of the Multiple Dwelling Law saving clauses (*see* Multiple Dwelling Law § 366 [1]), at the time the legislature amended provisions related to occupancy in class A multiple dwellings in 2010. However, in enacting the amendments, the legislature's intent that a 30-day minimum occupancy requirement would apply to all, with only narrow, specified exceptions, was sufficiently clear that petitioner's saving clause right to continue renting for the shorter period was extinguished (*see* L 2010, ch 225, § 8, as amended by L 2010, ch 566, § 3 [providing in pertinent part that the relevant act amending the Multiple Dwelling Law and the Administrative Code of the City of New York "shall take effect May 1, 2011 and shall apply *to all buildings in existence on such effective date* and to buildings constructed after such effective date" (emphasis added)]; *Kellogg v Travis*, 100 NY2d 407 [2003]). Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.