In the Matter of MICHAEL DEVINE, Respondent, v ANTHONY J. ANNUCCI, Acting Commissioner, Department of Corrections and Community Supervision, et al., Appellants. [56 NYS3d 149]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of Executive Law § 259-c (14) against the petitioner/plaintiff, and action for a judgment declaring that Executive Law § 259-c (14) is unconstitutional, Anthony J. Annucci, Acting Commissioner, Department of Corrections and Community Supervision, and Mary Osborne, Deputy Director, Sex Offender Monitoring, Department of Corrections and Community Supervision, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Lewis, J.), dated September 29, 2014, as granted that branch of the petition/complaint which was to prohibit them from enforcing Executive Law § 259-c (14) against the petitioner/plaintiff on the ground that Executive Law § 259-c (14) violates the Ex Post Facto Clause of the United States Constitution (US Const, art I, § 10 [1]) as applied to the petitioner/plaintiff.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition/complaint which was pursuant to CPLR article 78 in the nature of prohibition to prohibit the appellants from enforcing Executive Law § 259-c (14) against the petitioner/plaintiff on the ground that Executive Law § 259-c (14) violates the Ex Post Facto Clause of the United States Constitution as applied to the petitioner/plaintiff is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the remaining requests for relief in the petition/complaint.

On April 23, 2000, the petitioner/plaintiff (hereinafter the petitioner), then 22 years old, committed a sex offense against a 17-year-old girl. In 2002, he was convicted of three counts of sexual abuse in the first degree and was sentenced to a term of imprisonment of seven years. He was subsequently designated a level one sex offender under the Sex Offender Registration Act (Correction Law art 6-C). In August 2008, he was conditionally released from prison. In November 2008, he was resentenced, and a five-year period of postrelease supervision (hereinafter PRS) was added to his sentence. He challenged the resentence, and it was vacated by the Supreme Court. However, in March 2012, the resentence was reinstated on appeal.

Meanwhile, the petitioner met his girlfriend and began residing with her in her home in Brooklyn. In February 2014, the petitioner's parole officer allegedly informed him that he was living too close to a school and that he would need to move to a location that was compliant with the Sexual Assault Reform Act (Executive Law § 259-c [14]; hereinafter SARA), which prohibits certain sex offenders who are released on parole, conditionally released, or subject to a period of PRS from knowingly entering within 1,000 feet of school grounds at any time or from knowingly entering within 1,000 feet of other facilities or institutions where minor children congregate while a minor is present. The petitioner claims that SARA imposes upon him restrictions which virtually exclude him from residing and traveling within most of the borough of Brooklyn and, indeed, most of the City of New York. On March 21, 2014, the petitioner was ordered by his parole officer to report to a three-quarter house. At the time this proceeding/action was commenced, the petitioner was residing in a three-quarter house approximately three miles from his girlfriend's home.

The petitioner commenced this hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of prohibition to prohibit Anthony J. Annucci, Acting Commissioner, Department of Corrections and Community Supervision, and Mary Osborne, Deputy Director, Sex Offender Monitoring, Department of Corrections and Community Supervision (hereinafter together the appellants) from continuing to mandate the removal of the petitioner from his home and from restricting his movement in and around the City of New York, and action for a judgment declaring that Executive Law § 259-c (14) is unconstitutional. The Supreme Court granted that branch of the petition which sought prohibition, concluding that SARA violates the Ex Post Facto Clause of the United States Constitution (US Const, art I, § 10 [1]) as applied to the petitioner, and denied the remaining requests for relief as academic.

The issue of whether it is permissible to retroactively apply SARA, which became effective on February 1, 2001, after the petitioner had committed the underlying sex offense, turns upon whether such application would violate the Ex Post Facto Clause of the United States Constitution, which provides that "[n]o State shall . . . pass any . . . ex post facto Law" (US Const, art I, § 10 [1]). The constitutional prohibition against ex post facto laws applies to "penal statutes which disadvantage the offender affected by them" (*Collins v Youngblood*, 497 US 37, 41 [1990]). "A statute will be considered an ex post facto law if it 'punishes as a crime an act previously committed, which was innocent when done,' 'makes more burdensome the punishment for a crime, after its commission,' or 'deprives one charged with crime of any defense available according to law at the time when the act was committed' " (*People v Foster*, 87 AD3d 299, 306 [2011], quoting *Beazell v Ohio*, 269 US 167, 169 [1925]; *see Rogers v Tennessee*, 532 US 451, 456 [2001]; *Collins v Youngblood*, 497 US at 42; *Calder v Bull*, 3 US 386, 390 [1798]; *Kellogg v Travis*, 100 NY2d 407, 410 [2003]). In contrast, a statute that is enacted for nonpunitive purposes, and is not so punitive in effect as to negate that nonpunitive intent, may be retroactively applied without violating the Ex Post Facto Clause (*see United States v Ward*, 448 US 242, 248-249 [1980]).

To determine whether the prohibition against retroactive punishment imposed by the Ex Post Facto Clause applies, a court must first determine whether the legislature meant the statute to enact a regulatory scheme that is civil and nonpunitive (*see Smith v Doe*, 538 US 84, 92 [2003]; *Kansas v Hendricks*, 521 US 346, 361 [1997]). If so, the court must consider whether the statute is "so punitive either in purpose or effect as to negate [the legislature's] intention to deem it civil" (*Smith v Doe*, 538 US at 92 [internal quotation marks omitted]). "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty" (*id.* [internal quotation marks omitted]).

The legislative history of SARA as originally enacted in 2000, as well as that of its 2005 amendment, make clear that it was intended to provide protection to children from the risk of recidivism by certain convicted sex offenders, rather than to punish such offenders for a past crime (*see Matter of Williams v Department of Corr. & Community Supervision*, 136 AD3d 147 [2016]; *Wallace v New York*, 40 F Supp 3d 278 [ED NY 2014]; *see also People v Diack*, 24 NY3d 674, 677 [2015]). Indeed, the Court of Appeals, in analyzing the issue of whether the State

has preempted the field of managing registered sex offenders, has stressed that SARA was part of "a detailed and comprehensive regulatory scheme involving the State's ongoing monitoring, management and treatment of registered sex offenders, which . . . does not end when the sex offender is released from prison" (*People v Diack*, 24 NY3d at 685). Moreover, the petitioner has not shown by the "clearest proof" that the residency and travel restrictions imposed by SARA, as applied to him, are so punitive in their consequences as to transform the restrictions into punishment (*Smith v Doe*, 538 US at 92 [internal quotation marks omitted]). Accordingly, the retroactive application of SARA does not violate the Ex Post Facto Clause as applied to the petitioner. Since the petitioner failed to demonstrate "a clear legal right" to prohibition on that ground (*Matter of Premo v Breslin*, 89 NY2d 995, 997 [1997]), the Supreme Court should have denied that branch of the petition/complaint.

We are aware that other jurisdictions have reached differing conclusions when confronted with ex post facto challenges to statutes similar to SARA. For example, the United States Court of Appeals for the Sixth Circuit held that the retroactive application of amendments to Michigan's Sex Offender Registration Act, including a prohibition on living, working, or loitering within 1,000 feet of a school, amounted to ex post facto punishment prohibited by the United States Constitution (*see Does #1-5 v Snyder*, 834 F3d 696 [6th Cir 2016]). In contrast, the United States Court of Appeals for the Eighth Circuit held that an Arkansas statute relating to sex offender registration, which includes a residency restriction, is not an unconstitutional ex post facto law (*see Weems v Little Rock Police Dept.*, 453 F3d 1010 [8th Cir 2006]). In this case, the petitioner has not shown that the restrictions SARA imposed, as applied to him, violate the Ex Post Facto Clause. "[I]ssues regarding whether there are better or wiser ways to achieve the law's stated objectives are policy decisions belonging to the legislature and not the court" (*Matter of Williams v Department of Corr. & Community Supervision*, 136 AD3d at 149).

In light of our determination, the remaining requests for relief in the petition/complaint are no longer academic. Accordingly, we remit the matter to the Supreme Court, Kings County, for further proceedings on the remaining requests for relief in the petition/complaint (*see e.g. Horowitz v 763 E. Assoc., LLC*, 125 AD3d 808, 811 [2015]; *Headley v City of New York*, 115 AD3d 804, 807 [2014]; *Lazarre v Davis*, 109 AD3d 968, 969-970 [2013]). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.