Martin Operating Corp., Plaintiff-Respondent, 
against
Andrew Bernstein Inc. and Andrew Bernstein, Defendants-Appellants.



Defendants appeal from an order of the Civil Court of the City of New York, New York County (Erika M. Edwards, J.), entered October 4, 2016, which denied their motion to dismiss the complaint for failure to prosecute and granted plaintiff's cross-motion for summary judgment.




Per Curiam.
Order (Erika M. Edwards, J.), entered October 4, 2016, affirmed, with $10 costs.
Mindful that CPLR 3216 is "extremely forgiving of litigation delay" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]), we find that Civil Court providently exercised its discretion in denying defendants' motion to dismiss the complaint for failure to prosecute. Plaintiff's counsel demonstrated a justifiable excuse for the minor delay caused by his difficulty in obtaining a nonparty affidavit and a meritorious cause of action (see CPLR 3216 [e]; Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633 [2003]). Nor does the record reflect any "patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution, and lack of any tenable excuse for such delay" which would have warranted a CPLR 3216 dismissal (Espinoza v 373-381 Park Ave. S., LLC, 68 AD3d 532, 533 [2009], citing Schneider v Meltzer, 266 AD2d 801, 802 [1999]).
Turning to the merits, plaintiff's cross-motion for summary judgment was properly granted. The motion court correctly determined that the language of the governing commercial lease agreement clearly and unambiguously specified that defendants were to pay, as additional rent, 20% of any real estate tax increase (see Meyers Parking Sys. v 475 Park Ave. S. Co., 186 AD2d 92 [1992]) and that plaintiff had standing to collect these sums, which were properly calculated. In opposition, defendants failed to raise any triable issue as to liability or plaintiff's calculations of the amount owed. Defendants' claim of waiver based on plaintiff's alleged delay in billing is without merit in light of the "no waiver" provision of the lease.
We have examined defendants' remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 16, 2017