People v Williams (2020 NY Slip Op 05065)





People v Williams


2020 NY Slip Op 05065


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-09832

[*1]People of the State of New York, respondent,
v
Demetrius Williams, appellant.


Janet E. Sabel, New York, NY (Kerry Elgarten of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr, J.), entered June 27, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1988, upon a jury verdict, the defendant was convicted of, among other crimes, murder in the second degree and kidnapping in the second degree. In the underlying incident, the defendant held his uncle and five others, including four children, captive by gunpoint and ultimately killed his uncle. The defendant was released to parole in 2015. His conviction of kidnapping in the second degree subjects him to the requirements of the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]; see People v Knox, 12 NY3d 60). After a hearing pursuant to SORA, at which the defendant sought a downward departure from his presumptive level three sex offender designation, the Supreme Court granted the defendant's application only to the extent of designating him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, he has not shown that the restrictions imposed by SORA and the Sexual Assault Reform Act (see Executive Law section 259-c[14]), both of which were enacted after his commission and conviction of the subject crimes, violate the Ex Post Facto Clause of the United States Constitution as applied to him (see US Const, art I, § 10; Matter of Devine v Annucci, 150 AD3d 1104; Matter of Bush v New York State Bd. of Examiners of Sex Offenders, 72 AD3d 1078; People v Hernandez, 264 AD2d 783).
Also contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in granting his application for a downward departure from the presumptive risk level only to the extent of designating him a level two sex offender (see generally People v Gillotti, 23 NY3d 841; People v Wyatt, 89 AD3d 112).
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court